MARIE PHILLIPS, Alias JACK GAFFORD v. THE STATE.

No. 6202.   Decided October 19, 1921.

1.—Robbery—Statement of Facts—Practice on Appeal—Motion for New Trial.

In the absence of a statement of facts. and bills of exceptions, criticisms of the court's charge, the refusal of requested charges, or the review of the rulings of the trial court upon the admission or rejection of evidence cannot be considered on appeal, and a motion for new trial is inadequate for this purpose.   Following Clifton v. State, 70 Texas Crim. Rep., 346, and other cases.

2.—Same—Requested Charges—Charge of Court—Practice in Trial Court.

By Article 743, C. C. P., it is required that objections to the charge of the court shall be made before it is read to the jury, and that the refusal of requested charges must be then objetced to, and in the absence of statement of facts and bill of exceptions, there is nothing to review.   Following Nelson v. State, 59 Texas Crim. Rep., 149.

3.—Same—Rehearing—Statement of Facts and Bill of Exceptions.

Where a motion for rehearing was filed, stating that though no statement of facts or bill of exceptions accompanied the record, yet that they were in existence; but up to the time of this ruling no such documents were on file with the record, the motion for rehearing must be overruled.

Appeal from the Criminal District Court of Dallas.   Tried below before the Honorable Robt. B. Seay.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Howard H. Dailey,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for robbery; punishment fixed at confinement in the penitentiary for a period of five years.

The indictment lacks none of the essential elements.   No statement of facts accompanies the record, nor do we find any bill of exceptions.

In the motion for a new trial there are complaints of certain rulings of the court upon the admission of evidence and certain criticisms of the court's charge and the refusal of special charges requested.

To enable this court to review the rulings of the trial court upon the admission or rejection of evidence, a bill of exceptions is, in practically all cases, essential.   Daffin v. State, 11 Texas Crim. App. 76; other cases collated in Vernon's Crim. Statutes, vol. 2, page 534, note 15.

A motion for new trial is inadequate for this purpose. Clifton v. State, 70 Texas Crim. Rep., 346; Hart v. State, 61 Texas Crim. Rep., 511; Brown v. State, 58 Texas Crim. Rep., 336; other cases in Vernon's Crim. Statutes, vol. 2, page 535. By the statute it is required that objections to the charge shall be made before it is read to the jury. (Code of Crim. Procedure, Art. 735) and that the refusal of special charges must also be then objected to. (Code of Crim. Procedure, Art. 743; Vernon's Crim. Statutes, vol. 2, pages 525-526).

The merits of the criticisms of the charge in the instant case would not be discernible in the absence of the statement of facts which were before the trial judge and to which the charges are presumed to have been applicable. Nelson v. State, 59 Texas Crim. Rep., 149; Vernon's Texas Crim. Statutes, Vol. 2, page 520, notes 52 and 53.

In the absence of the disclosure of errors committed upon the trial, and without the facts before us, we must presume that the procedure was regular and the evidence sufficient. The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### October 19, 1921.

MORROW, Presiding Judge.—An affirmance was ordered on the 13th day of April last, and during the same month a motion for rehearing was filed stating that though no statement of facts nor bills of exceptions accompanied the record, they were in existence, and that for reasons advanced in the motion, unavoidable circumstances had prevented their filing. In the motion the court is requested to consider them together with the explanation of delay. Up to this time they have never been filed, and we feel constrained to pass on the motion without deferring the matter longer. In the absence of the bills of exceptions and statement of facts, we have nothing before us that was not disposed of on the original hearing.

The motion is overruled.

*Overruled.*