Dave Sanders v. The State.

No. 624. Decided May 18, 1910.

Rehearing denied June 22, 1910.

1.—Alluring Away Female for Unlawful Sexual Intercourse—Information—Sufficiency of.

It is not the participation in the immoral conduct or the unlawful sexual intercourse that the law condemns under this article, but it is the soliciting,

procuring, or alluring a female to visit or be at a particular house or room or place for that purpose, and it becomes unnecessary to set out the name of the man or men whom the female is expected to meet; nor is it necessary that the pleader should have stated any particular house or room in the town alleged in the information.

**2.—Same—Statement of Facts—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of illicitly soliciting a female for immoral purposes, it was shown that the failure to file the statement of facts was not due to any neglect on the part of appellant, the order striking out the statement of facts was set aside and the same was considered.

**3.—Same—Sufficiency of the Evidence.**

Where the case was tried before the judge without the intervention of a jury, and there were no errors of law complained of in the admission and rejection of testimony, and the latter was sufficient to sustain the conviction, there was no error.

Appeal from the County Court of Erath. Tried below before the Hon. J. B. Keith.

Appeal from a conviction of unlawfully alluring away a female for illicit sexual intercourse; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case. The evidence showed that the defendant and another solicited and allured the prosecutrix and another female to accompany them to Dublin for immoral purposes.

*Eli Oxford,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Upon an information filed in the County Court charging the appellant with soliciting, procuring and alluring and inviting Lavida Robison to be at a certain place for the purpose of having unlawful sexual intercourse, appellant was convicted in the court below and his punishment assessed at a fine of $100 and sixty days confinement in the county jail. Hence this appeal.

A jury was waived and the case tried before the court. The information is here set out in full: "I, L. O. Cox, County Attorney of the County of Erath, State aforesaid, in behalf of said State, presents in the County Court of said county, at the September term, A. D. 1909, of said court, that Dave Sanders, in the county of Erath, and State of Texas, on or about the 11th day of September, A. D. 1909, and before the filing of this information, did then and there unlawfully, invite, solicit, procure and allure, and did then and there use means for the purpose of procuring and alluring a female, to wit, Lavida Robison to be at a certain place, to wit, at the town of Dublin, in Erath County, Texas, for the purpose of meeting and having unlawful sexual intercourse with male persons against the peace and dignity of the State." Appellant filed a motion in arrest of judgment, basing his grounds of the motion upon the insufficiency of the complaint and information in that the said complaint

and information charged no offense against the law; that said information failed to state any particular place to which the defendant procured, invited and solicited the said Lavida Robison to be, and that the allegation that it was to be in the town of Dublin, in Erath County, was too indefinite to put the defendant on notice as to what he was expected to prove. Neither the complaint nor information anywhere states the name or the names of any persons with whom the said Lavida Robison was to have such unlawful sexual intercourse; and that the said complaint and information nowhere alleges that the said Lavida Robison was thereby induced by the said means to have intercourse with male persons. Article 359a of the Acts of the Thirtieth Legislature, p. 246, reads as follows: "It shall be unlawful for any person to invite, solicit, procure, allure or use any means for the purpose of alluring or procuring any female to visit and be at any particular house, room or place for the purpose of meeting and having unlawful sexual intercourse with any male person, or to take part, or in any way participate in any immoral conduct with men or women. . . . Any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than fifty nor more than two hundred dollars, and in addition thereto shall be confined in the county jail not less than one nor more than six months." It will be seen by a careful reading of this article that it shall be unlawful for any person to invite, solicit, procure, allure or use any means for that purpose, to have a female visit and be at any particular house, room or place for the purpose of meeting and having unlawful sexual intercourse with any male person, or to take part or in any way participate in any immoral conduct with men or women. It will be noted that it is not the participation in the immoral conduct or the unlawful sexual intercourse that is condemned under this article, but it is the soliciting, procuring or alluring a female to visit or be at a particular house or room or place for that purpose, and since the statute is not punishing for the unlawful sexual intercourse or immoral conduct, it becomes unnecessary to set out the name of the man or men whom the female is expected to meet. The whole offense is the alluring of the party to go to certain places for sexual intercourse and immoral conduct. They may never reach the point designated. If the female is allured or invited and she starts to the place, or room of assignation, it would make the offense complete. Hence, it is not necessary to set out the names of the parties whom she was going to meet. We also think that the information was sufficient and definite wherein it states that she was invited to go to Dublin, in Erath County, for the purposes inhibited by the statute. Nor was it necessary that the pleader should have stated any particular house or room in said town of Dublin. If she was to go to the town of Dublin, which was a place,

for the purposes inhibited, this makes the offense complete. We therefore hold that the information was sufficient.

The State has filed a motion in this case to strike out the statement of facts on the ground that the same was filed in the court below more than thirty days after the adjournment of the term of court. The record discloses that the County Court of Erath County adjourned on the 4th day of December, 1909; also that the appellant was given thirty days after the adjournment of the court in which to file the statement of facts. This would give the appellant until January 4 in which a statement of facts could be filed. The statement of facts in this case was filed on February 3, 1910, and there appears in the record an order made by the trial judge on said February 3, 1910, extending the time for filing the statement of facts from January 4 to February 3. We hold that the order made by the judge on February 3 extending the time was without authority of law and it was an unauthorized attempt to extend that which had already expired and this could not be done. If it was desired to get an extension of time as provided by the Acts of the Thirty-first Legislature, p. 377, this order should have been extended within the limits of the time as provided in the original order. After the expiration of that time the court could not extend the time. We therefore sustain the State's motion and strike out the statement of facts.

The information being valid, and not having any statement of facts before us, there are no other questions which we can consider and the judgment is in all things affirmed.

*Affirmed.*

### ON REHEARING.

### June 22, 1910.

McCORD, JUDGE.—At a former day of this term the judgment herein was affirmed. We held that the statement of facts could not be considered because it was filed under an order made by the court after the expiration of the time fixed by the Act of the Thirty-first Legislature. Appellant has filed a motion for rehearing in which the statement is made that the failure to have the statement of facts filed within time was not due to any neglect on his part; that he had within seasonable time made out a statement of facts, presented it to the county attorney, the county attorney failed to agree, and stated that he would prepare a statement of facts in the case. Appellant then presented the statement of facts to the trial judge and insisted that the statement be filed within the time. The court assured his counsel that he would file the statement of facts within time, and that he applied, before the expiration of the time, to said court in vacation to extend the order. The court agreed to do this, and stated to counsel that he had extended the time, but that when he went to examine the order he found that it was made at a time

after the expiration of the time fixed by law. In view of the statement made by counsel for appellant, we have considered the statement of facts, and are of opinion that it fully sustains the judgment of the lower court. The case was tried before the judge without the intervention of a jury, and, therefore, there are no errors of law complained of nor bills of exception to the admission and rejection of testimony. We adhere to our former ruling that the bill of indictment was valid.

The motion for rehearing will therefore be overruled, and it is accordingly so ordered.

*Overruled.*