## C. R. Palmer v. The State.

No. 6850.   Decided March 15, 1922.

Rehearing Denied November 29, 1922.

**1.—Swindling—Statement of Facts—Bills of Exception—Extension.**

In order to be within the rules and the requirements of the statutes, any order of extension for filing statement of facts or bills of exception must be made within the time theretofore granted, either by statute or by some order of the court, and the court could not make further extension when the time for filing had already expired, and the record therefore, is without statement of facts or bill of exceptions. Following Nothaf v. State, 91 Texas Crim. Rep., 378; however, the record being perfected, the case will be heard upon its merits.

**2.—Same—Continuance—Want of Diligence—Motion for New Trial.**

Where the application for continuance, because of the absence of several witnesses failed to show the diligence required by law, same was correctly overruled. Following Brown v. State, 36 Texas Crim. Rep., 119, and other cases; besides, the motion for new trial was not supported by affidavit of the absent witnesses, and no abuse of discretion was shown.

**3.—Same—Ownership—Partnership—Indictment—Variance.**

The fact that the alleged property belonged to the firm of which the alleged owner was a member did not vitiate the indictment or bring about the variance in the proof, as the law permitted the pleader to name said member as the owner. Following May v. State, 15 Texas Crim. App., 437, and other cases.

**4.—Same—Evidence—False Representations—Book Entries—Knowledge of Entries.**

It was incumbent upon the State to show that the alleged check was issued without reason to believe that it would be paid, and therefore the status of defendant's relations with the bank upon which the check was drawn was relevant and competent evidence upon this subject, and there was no error to admit testimony that the owner did not know that the entries in defendant's bank book which were exhibited to him were forged.

**5.—Same—Bill of Exceptions—Question and Answer Form—Suspended Sentence.**

In the absence of a reason given for the failure to make the bill of exceptions more succinct, as required by the statute, a transcript of the stenographer's notes in question and answer form will not be considered. However, as considered, there is no reversible error, as defendant's plea of suspended sentence put his character in issue.

**6.—Same—Question Propounded—Practice on Appeal.**

Where the objection to the inquiry by State's counsel to a witness was sustained by the court, no error appeared from the bill of exceptions making complaint of it.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Robert B. Seay.

Appeal from a conviction of swindling; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*P. C. Short*, and *C. F. Greenwood*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Dallas County of the offense of swindling, and his punishment fixed at three years in the penitentiary.

There appears in the record no statement of facts. · The State, through our Assistant Attorney General, has moved to strike out appellant's bills of exception upon the ground that same were filed too late.

It appears from an examination of the record that the trial term of the court below adjourned on October 1, 1921. Under the terms of Article 845 of our Code of Criminal Procedure the appellant was allowed thirty days in which to file his bills of exception. Within that thirty days and on October 14, 1921, the lower court made an order granting a thirty-day extension from October 16th, within which to file bills of exception. The time so granted by the court below expired November 15th. No bills of exception were filed within said time. The record contains an order made by the trial court on November 30th granting to appellant an additional ten days in which to file bills of exception. On said last-mentioned date, according to the record before us, the trial court was without jurisdiction and had no power to enter any order of extension. In order to be within the rules and the requirements of the statute, any order of extension must be made within the time theretofore granted either by statute or by some order of the court. The last legal extension of time having expired November 15th, the trial court could not make further extension by an order of date November 30th. This matter is discussed and many authorities

41—92 T. C.

cited in Nothaf v. State, No. 6420, 91 Texas Crim. Rep., 378, opinion handed down on January 11, 1922. The bills of exception appear to have been filed on December 9th, and being too late the motion of the State, to strike same from the record, will be granted. 

The record is thus before us without statement of facts or bills of exception. The indictment appears to be in form sufficient to charge appellant with the offense of swindling by the giving and drawing of a check for more than fifty dollars upon a bank in which he had no founds. The charge of the court below contains no error which we have observed, and the indictment and the charge being sufficient, and the record being without bills of exception and statement of facts, an affirmance is ordered.

*Affirmed.*

### ON REHEARING.

### November 29, 1922.

MORROW, PRESIDING JUDGE.—The corrected record requires consideration of the case on its merits. Conviction is for swindling; punishment fixed at confinement in the penitentiary for a period of three years.

The Slaughter-Mayfield Company was a partnership composed of John T. Mayfield and J. B. Moses. The appellant arranged with the firm to furnish him two suits of clothes. One of them was delivered to him, and in payment therefor he issued a check for $252.50, payable to the firm mentioned, upon a bank in Breckenridge, Texas. The transaction took place with John T. Mayfield, who delivered the suit of clothes and received the check. Appellant represented that he had in the bank ample funds to his credit to assure the payment of the check. He exhibited to Mayfield a bank-book and documents showing deposits of a large amount of money. The check was dishonored by the bank, though presented in the due course of business. The representations with reference to the deposits of large sums of money were shown to be false. The only credit was an item of $300 deposited in the bank a few days before the transaction in question, all of which except the sum of $2.85 was withdrawn by the appellant before the check reached the bank.

The court overruled the first application for a continuance made because of the absence of several named witnesses residing in different cities in the State. Subpoenas for two of them had been issued and returned not executed. The date of the return is not shown; nor is it made to appear that subpoenas for the other witnesses had ever been forwarded to the sheriffs of the respective counties in which the witnesses are alleged to have resided. The application failed to show the diligence which the law demands. Brown v. State, 36 Texas Crim. Rep., 119; Vernon's Texas Crim. Stat., Vol. 2, p. 311; White's

Ann. Penal Code, Sec. 501; Owens v. State, No. 7054, recently decided.

The motion for new trial is supported by affidavits from one of the alleged absent witnesses. Considering the application in the light of the evidence developed upon the trial, we perceive no abuse of discretion of the trial judge in overruling the motion.

The ownership of the property was laid in John T. Mayfield. The evidence shows that it was in his possession, under his care, control and management, and obtained through representations made to him. The fact that the property belonged to the firm of which Mayfield was a member did not vitiate the indictment nor bring about a variance in the proof. The law permitted the pleader to name Mayfield as the owner. Code of Crim. Prac., Art. 457; May v. State, 15 Texas Crim. Rep., 437; Lockett v. State, 39 Texas Crim. Rep., 531; Branch's Ann. Tex. Penal Code, Sec. 2434, p. 1317.

There was no error in the admission of evidence that Mayfield did not know that the entries in appellant's bank-book which were exhibited to him were forged. It was a part of the State's case to prove that Mayfield believed the representations made by the appellant to induce the delivery of the property were true. It was incumbent upon the State to show that the check was issued without reason to believe that it would be paid. The *status* of appellant's relations with the bank upon which the check was drawn was relevant and competent evidence upon this subject.

Bill of Exceptions No. 9 is but a transcription of the stenographer's notes in question and answer form. No reason is given for the failure to make it more succinct as required by Revised Civil Stat., Article 2059. It comes in the form, which under the repeated decisions of this court, characterizes it as insufficient to require consideration. McDaniel v. State, 90 Tex. Crim. Rep., 636, 237 S. W. Rep., 293; Watson v. State, 90 Texas Crim. Rep., 576, 237 S. W. Rep., 298, and cases therein listed. Even if considered, the bill is without merit. It reveals that the appellant applied for a suspended sentence, and through the cross-examination of the witness Martin, elicited testimony in support of that plea. The plea put the character of the accused in issue. Overby v. State, 92 Texas Crim. Rep., 172, 242 S. W. Rep., 213; Martoni v. State, 74 Texas Crim, Rep., 90.

An inquiry was made of a witness by the State's counsel concerning the cases pending against the appellant. The objection to the inquiry having been sustained by the court, no error appears from the bill making complaint of it.

The motion for rehearing is overruled.

*Overruled.*