John Jones v. The State.

No. 7660.  Decided April 18, 1923.

Rehearing Denied October 31, 1923.

1.—Selling Intoxicating Liquor—Bills of Exception—Filing.

This court has always held that the trial court is without power to make an order extending the time for the filing of bills of exception, after the expiration of the time originally granted for the filing of such bills of exception. However, it appearing from the caption of the transcript that the filing was within the sixty-day period allowed, the court will hear the case upon its merits, but again calls attention to the burden that is unnecessarily imposed upon this court by errors which cause two examinations of the record, etc.

### 2.—Same—Practice in Trial Court—Communications by Jury.

Where it was complained that the trial court was guilty of certain misconduct, in that the jury communicated to the judge their desire to have read to them a part of the testimony introduced upon trial, and that the court declined to have same introduced, and that this transpired out of the presence and hearing of the defendant, but it appeared that appellant was under bond at the time, and that it was impracticable to grant the request of the jury on account of the court reporter being absent, and that the testimony was of little materiality, etc., there is no reversible error.

### 3.—Same—Sufficiency of the Evidence.

Where, upon trial of selling intoxicating liquor, the testimony, is sufficient to sustain the conviction, there is no reversible error.

### 4.—Same—Evidence—Marked Money—Presence of Defendant.

Where it is made to appear on appeal that the officers before going to defendant's house on the night of his arrest on the charge of selling liquor, marked certain money and delivered same to the State witness, by which the sale of the liquor was afterwards proved, there was no reversible error although this transpired out of the presence of the defendant, as these were acts of preparation connected with and explanatory of the case.

### 5.—Same—Intoxicant—Requested Charge.

Where there was no evidence calling for a requested charge that the jury must believe that the liquor contained in excess of one per cent of alcohol by volume at the time it came into the possession of the State's witness, there was no reversible error to refuse said requested charge.

### 6.—Same—Defensive Theory—Requested Charge.

Where the defensive theory that defendant had nothing to do with the liquor, but only showed the parties where it was, was amply covered by the main charge, there was no error in refusing the requested charge.

### 7.—Same—Title to Liquor—Requested Charge.

It is not necessary to make one guilty of a violation of the liquor laws by selling such liquor that the title to the liquor be in him, and the requested charge thereon was correctly refused.

### 8.—Same—Purchaser—Accomplice—Charge of Court.

The charge of the court was not erroneous to tell the jury that the purchaser is expressly exempted from the character of an accomplice.

### 9.—Same—Declarations and Acts of Defendant—Res Gestae.

The acts of the defendant in secreting the money or throwing the same under the house, or in making motions with his hands which might result in the conclusion that he threw the money under the house, was a part of the transaction and *res gestae*, and therefore not open to the objection that defendant was under arrest at the time. Following Pratt v. State, 53 Texas Crim. Rep., 285, and other cases.

### 10.—Same—Evidence—Other Offenses.

Where complaint was made of testimony that appellant had heretofore been indicted for felony, he having taken the witness stand in his own behalf, there is no reversible error. Following Jackson v. State, 33 Texas Crim. Rep., 286, and other cases.

**11.—Same—Bills of Exception—Practice on Appeal.**

Where certain bills of exception were so qualified by the trial court as that in no event they could be held to present any error, there is no reversible error.

Appeal from the District Court of Falls.   Tried below before the Honorable Prentice Oltorf.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Ben H. Rice, Jr.,* for appellant.   On question of misconduct of court in not granting the request of jury to have evidence read, Booth v. State, 145 S. W. Rep., 923; Cowart v. State, 145 id., 341; Wesley v. State, 150 id., 197.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Falls County of selling liquor containing more than one per cent of alcohol by volume, and his punishment fixed at one year in the penitentiary.

The State moves to strike out all of appellant's bills of exception except that which is No. 1, for the reason that the order extending the time in which to file said bills of exception was entered after the expiration of the time allowed in the original order made by the trial court for such filing.   An inspection of the record shows that on October 28, 1922, appellant's motion for a new trial was overruled and the court made an order allowing sixty days "from this date" in which to file statement of facts and bills of exception. Computation discloses that from October 28th to December 29th, the latter being the date on which the court made an order of extension, is sixty-two days.   This court has always held that the trial court is without power to make an order extending the time for the filing of bills of exception, in vacation or at a subsequent term of the court, after the expiration of the time originally granted for the filing of such bills of exception.   Sanders v. State, 60 Texas Crim. Rep., 34; Griffin v. State, 59 Texas Crim. Rep., 424; Palmer v. State, 92 Texas Crim. Rep., 640, 245 S. W. Rep., 238.   The bills of exception, save No. 1, were filed too late.

Appellant's bill of exceptions No. 1 complains of misconduct on the part of the trial court, it being alleged that the jury communicated to the judge their desire to have read to them a part of the testimony introduced upon the trial, and that the court declined to have same introduced, it being alleged that this transpired out

of the presence and hearing of the defendant. Appellant was on bond at the time of trial and was free to go where he pleased. He says that he saw the learned trial court speak to one of the jurors who stood in the jury room door after supper on the night of his trial but that he could not tell what the judge or the juror said. He denied being present before supper in the District Court room when the jury came in and asked the judge to have testimony read to it. The statement of the trial court appears also in the bill of exceptions. He states that some time after the jury had retired they came into the courtroom in charge of the deputy sheriff and their foreman stated that some of the jurors would like to have the court stenographer read his notes showing what, if anything, the defendant had stated about the money alleged to have been paid to him for the whisky in question. The judge further states that he did not know before they came into the courtroom that they were going to make any request for the reading of the testimony. When the foreman stated to the court what was wanted, he replied that the reporter who took the testimony was not the regular court reporter but was Mr. Davis, a reporter of the Hillsboro District Court who was temporarily supplying, and that he felt quite sure that the reporter had left for Hillsboro and had taken his note books with him. It is further stated by the court that neither of appellant's counsel was present nor were they sent for by him. It is further shown that the court had been informed by one of appellant's counsel that if the jury came in with a verdict, the court might receive same without calling him. This was not true of the other of appellant's attorneys. After informing the jury that the court stenographer had gone home, the court further told the jury they could go to supper. The court then further states that when he left the courtroom to go to supper himself he passed by appellant who was sitting in the courtroom, and told him that he need not wait any longer but he could go to supper himself and come back about 7:30 or 8 o'clock. The trial judge says he is not able to state positively that appellant was in the court room at the time the jury came in in charge of the deputy sheriff and made the request and received the reply above referred to, but it is his best recollection and belief that appellant was in the court room at the time. The court further certifies that the substitute court reporter had in fact left Marlin and gone to his home in Hillsboro. After supper the judge returned to the court room and found the defendant sitting there waiting for the jury's report. Later the court called one of the jurors to the door to find out whether they desired him to wait upon them any longer and being advised by the foreman that they did not expect to report that night, the judge went home.

It is urged that this was in violation of the statute and of the rights of the appellant. In Washington v. State, 56 Texas Crim.

95 T. C.—37

Rep., 195, this court stated that where the jury came into the court-room in the absence of the defendant and asked to be discharged, and the court declined to grant their request, stating to them that he had to leave town the following day, this conduct constituted no such violation of Article 753-756, C. C. P., as would call for a reversal of the case. We are not quite clear as to whether appellant's main contention in this regard is based on the fact that he was not present at the time the jury came in, or upon the fact that the trial court did not communicate to the attorneys the wish of the jury and make some effort to obtain the stenographer's report of the defendant's testimony. We would not deem the latter contention of any merit inasmuch as it is stated by the court without contradiction that the court reporter had gone to his home at Hillsboro. The request of the jury was not made in writing, and as far as we may ascertain of what same consisted from said bill of exceptions, the matter upon which they desired defendant's testimony repeated would seem to be of little materiality. We do not think that the complaint contained in this bill of exceptions of that grave character from which an injury could be inferred, nor that the violation of the statute is any more serious than that decided adversely to the accused in the case of Washington v. State, *supra.*

The evidence in the case is ample to support the judgment of guilty. The State's testimony showed a sale of a jug of whisky shown by analysis to contain fifty-three per cent alcohol, by appellant to a State witness. Officers testified that they had furnished this witness with marked money and after he returned with the liquor which he had bought, they went to appellant's home and there found the marked money. A witness testified to conversations had by him with appellant while on bond in which appellant stated that a certain party had furnished him with liquor and had told him that if anybody wanted it for him to let them have it.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

---

ON REHEARING.

October 31, 1923.

LATTIMORE, JUDGE.—Appellant accompanies his motion for rehearing by a supplemental transcript which shows the granting of his motion for an entry *nunc pro tunc* of a judgment overruling his motion for new trial in which he is given sixty days *from the ad-*

*journment of court* in which to file statement of facts and bills of exception. It is made to appear from the caption of the transcript that the trial term of the court below adjourned on November 4th. This being true, the date of the order extending the time for filing such records was within the sixty day period allowed, and our conclusion as announced in the former opinion that the extending order was made too late, should now be reformed and it be held that the statement of facts and bills of exception were filed within the time and will· now be considered by us. This court makes great concessions to the frailty of human nature, but again calls attention to the burden that it unnecessarily imposed upon us by errors which cause two examinations of records here as well as much delay and loss of time and cost incident to the correction of the records.

We considered appellant's bill of exceptions No. 1 in the former opinion. By several bills of exception complaint is made of the fact that the officers before going to appellant's house on the night of his arrest on the charge of selling liquor, marked certain money and delivered same to State witness Hopper, having called off and taken down the numbers of the bills before this was done. We do not understand the rule to be that no evidence can be introduced against one on trial except of matters and things that transpire in his presence. Such acts of preparation connected with and explanatory of the case, even though transpiring out of the presence of the defendant, are material and admissible. The bill of exceptions presents no error.

The liquor claimed by the State to have been sold by appellant was analyzed by the State chemist who testified that it contained thirty-five per cent of alcohol. There being no testimony supporting any proposition that there was any change in the liquor from the time it was obtained by the officers until it was examined by the State chemist, there was no error in refusing a special charge that the jury must believe beyond a reasonable doubt that the liquor contained in excess of one per cent of alcohol by volume at the time it came into the possession of the State witness. The State witness testified that he bought a jug of liquor from appellant and paid him the agreed price therefor. Appellant testified that he did not sell to said witness any liquor and did not receive any money therefor. There was no evidence calling for a special charge to the effect that the jury could not convict unless they believed that defendant intended to sell the contents of the jug.

Appellant claimed that the liquor in question was left in his field by one Charlie Briggs who told him that it was for Ben Shaw and that Ben Shaw would come and get it. Ben Shaw was with the officers and State witness Hopper when they went to appellant's premises on the night the alleged sale of liquor was made. Appel-

lant asked a charge in substance that if the jury believe the jug of liquor was left in the field by Briggs for Shaw and that appellant's only connection with same was that he went out and showed them where the liquor was in the field, that he should be acquitted. We think this amply covered by the main charge wherein the court told the jury that if they believed from the evidence that a jug of liquor was left in defendant's field by one Briggs to be called for by Shaw, and when Shaw and Hopper went to defendant's house and inquired for the liquor that he went with them to the place where the liquor was located and delivered same to Ben Shaw, or permitted Shaw to take possession of same, or if they had a reasonable doubt thereof, the jury should acquit the defendant.

We are unable to see the pertinence of a special charge that unless the appellant owned the contents of the jug testified about and had title thereto, he should be acquitted. It is not necessary to make one guilty of a violation of the liquor laws of this State by selling such liquor, that the title to the liquor be in him.

The witness Hopper was the purchaser of the liquor from appellant according to his testimony and under our statute is expressly exempted from the character of an accomplice, and the charge of the court was not erroneous in failing to tell the jury that he was such accomplice.

Complaint is made of the fact that after witness Hopper and Shaw went down in the field and got the liquor from appellant, as claimed by the State, and after they returned to the house, that the officers went up to said house and found the appellant on the gallery and that he made certain motions with his hands, and that the officers then proceeded to search his premises and found under the house near by the marked money given by them to the witness Hopper and which Hopper claimed to have given to appellant. The acts of the appellant in secreting the money or throwing same under the house, or in making motions with his hands which might result in a conclusion that he threw the money under the house, are believed by us to be a part of the transaction, to elucidate it, to be voluntary and spontaneous and made at such time as to preclude the idea of any design, and the testimony of his action should be held as part of the *res gestae* and therefore not open to the objection that appellant was under arrest at the time. Hobbs v. State, 16 Texas Crim. App., 521; Lewis v. State, 29 Texas Crim. App. 204; Craig v. State, 30 Texas Crim. App., 621; Castillo v. State, 31 Texas Crim. App., 152; Griffin v. State, 40 Texas Crim. Rep., 414; Rainer v. State, 67 Texas Crim. Rep., 87, 148 S. W. Rep., 735; Cortez v. State, 45 Texas Crim. Rep., 384; Pratt v. State, 53 Texas Crim. Rep., 285.

Complaint is also made of testimony showing that appellant had theretofore been indicted for a felony. Appellant took the stand

as a witness in his own behalf and was asked about this. It was admissible for the purpose of affecting his credibility. Where the indictment has been dismissed or a trial thereunder resulted in an acquittal, this fact may be shown by the defense for the purpose of supporting the credibility of the witness thus attacked. Jackson v. State, 33 Texas Crim. Rep. 286; Burkes v. State, 40 Texas Crim. Rep., 167; Howard v. State, 53 Texas Crim. Rep., 384; Diseren v. State, 59 Texas Crim. Rep., 149.

Bills of exception Nos. 13, 15, 17, 18, 19 and 21 are so qualified by the trial court as that in no event could same be held to present any error. Several bills of exception appear in the record which present substantially the same matters as others which have been discussed.

We have carefully examined each of the contentions made by appellant but believe none of same are sound or present reversible error. The motion will be overruled.

*Overruled.*