### JONES v. STATE.  (No. 7660.)

(Court of Criminal Appeals of Texas. April 18, 1923. Rehearing Denied Oct. 31, 1923.)

**1. Criminal law 🗝1092(9)—Trial court after expiration of time for filing may not grant additional time.**

A trial court is without power to make an order extending the time for filing bills of exception in vacation or at a subsequent term after expiration of time originally granted for such filing.

**2. Criminal law 🗝1174(1)—Refusal of court in absence of defendant and his counsel to have part of testimony read to jury upon request held not prejudicial.**

In a prosecution for selling liquor, the court's denial of a request of the jury that a part of the testimony introduced on the trial relating to statements of accused as to what he had done with money received be read to them, in absence of defendant and his counsel, held not prejudicial, under Code Cr. Proc. 1911, arts. 753–756, where at the time of the request the reporter who had taken the notes had left town with them, and where the matter involved was apparently of little materiality.

**3. Intoxicating liquors 🗝236(11) — Evidence held to sustain conviction.**

Evidence held to sustain conviction for selling intoxicating liquor.

#### On Motion for Rehearing.

**4. Criminal law 🗝338(4, 5)—Evidence of the marking by officers of money subsequently paid to defendant held admissible.**

In a prosecution for selling intoxicating liquor, testimony of acts of officers in marking or taking down the numbers of bills given to another state's witness and by him paid to defendant held material and admissible, though not occurring in defendant's presence.

**5. Intoxicating liquors 🗝239(2)—Denial of instruction as to alcoholic content not error.**

In a prosecution for selling liquor, where the state chemist had testified that the liquor contained 35 per cent. of alcohol, and there was no testimony that there had been any change in the liquor, there was no error in refusing to charge that the jury must believe beyond a reasonable doubt that the liquor contained in excess of 1% of alcohol by volume at the time it came into possession of the state's witness.

**6. Intoxicating liquors 🗝239(2)—Denial of instruction as to intent to sell contents of jug held proper as not within evidence.**

In a prosecution for selling liquor, where a state's witness testified that he bought a jug of liquor from defendant, and paid him the agreed price, and defendant testified he did not sell such witness any liquor nor receive any money, a charge that the jury could not convict unless they believed that defendant intended to sell the contents of the jug, held properly denied.

**7. Criminal law 🗝829(4)—Instruction held to sufficiently submit issue to warrant denial of another requested instruction thereon.**

In a prosecution for selling intoxicating liquor, an instruction held to sufficiently submit the issue whether the liquor involved had merely been left in defendant's field by another for a state's witness, and whether the defendant had only participated to the extent of showing such other where the liquor had been left, and to warrant denial of a requested charge thereon by defendant.

**8. Intoxicating liquors 🗝146(1)—Title to liquor in defendant unnecessary to guilt.**

To make one guilty of selling intoxicating liquor, it is unnecessary that defendant should have title to the liquor.

**9. Criminal law 🗝780(1)—Purchaser of liquor not accomplice, and instruction need not so state.**

Under the statute the purchaser of intoxicating liquor is not an accomplice, and failure of the court's charge to so instruct will not render it erroneous.

**10. Criminal law 🗝364(4)—Acts of accused in secreting money paid for liquor held admissible as part of res gestæ.**

In a prosecution for selling intoxicating liquor to a state's witness who had paid for it with marked money, testimony of acts of accused in secreting the money or throwing same under the house upon the approach of officers, or making motions which might result in the conclusion that he was so doing, held admissible as part of the res gestæ, and not open to the objection that appellant was under arrest at the time.

**11. Witnesses 🗝345(1)—Proof of previous indictment for felony admissible as affecting credibility of defendant as witness.**

In a prosecution for selling intoxicating liquor, proof of a previous indictment of defendant for a felony was admissible as affecting his credibility as a witness.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

John Jones was convicted of selling intoxicating liquor, and he appeals. Affirmed.

Ben H. Rice, Jr., of Marlin, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Falls county of selling liquor containing more than 1 per cent.

of alcohol by volume, and his punishment fixed at one year in the penitentiary.

[1] The state moves to strike out all of appellant's bills of exception, except that which is No. 1, for the reason that the order extending the time in which to file said bills of exception was entered after the expiration of the time allowed in the original order made by the trial court for such filing. An inspection of the record shows that on October 28, 1922, appellant's motion for a new trial was overruled, and the court made an order allowing 60 days "from this date" in which to file statement of facts and bills of exception. Computation discloses that from October 28th to December 29th, the latter being the date on which the court made an order of extension, is 62 days. This court has always held that the trial court is without power to make an order extending the time for the filing of bills of exception, in vacation or at a subsequent term of the court, after the expiration of the time originally granted for the filing of such bills of exception. Sanders v. State, 60 Tex. Cr. R. 34, 129 S. W. 605; Griffin v. State, 59 Tex. Cr. R. 424, 128 S. W. 1134; Palmer v. State, 92 Tex. Cr. R. 640, 245 S. W. 238. The bills of exception, save No. 1, were filed too late.

[2] Appellant's bill of exceptions No. 1 complains of misconduct on the part of the trial court, it being alleged that the jury communicated to the judge their desire to have read to them a part of the testimony introduced upon the trial, and that the court declined to have same introduced, it being alleged that this transpired out of the presence and hearing of the defendant. Appellant was on bond at the time of trial, and was free to go where he pleased. He says that he saw the learned trial court speak to one of the jurors who stood in the jury room door after supper on the night of his trial, but that he could not tell what the judge or the juror said. He denied being present before supper in the district courtroom when the jury came in, and asked the judge to have testimony read to it. The statement of the trial court appears also in the bill of exceptions. He states that some time after the jury had retired they came into the courtroom in charge of the deputy sheriff, and their foreman stated that some of the jurors would like to have the court stenographer read his notes showing what, if anything, the defendant had stated about the money alleged to have been paid to him for the whisky in question. The judge further states that he did not know before they came into the courtroom that they were going to make any request for the reading of the testimony. When the foreman stated to the court what was wanted, he replied that the reporter who took the testimony was not the regular court reporter, but was

Mr. Davis, a reporter of the Hillsboro district court, who was temporarily supplying, and that he felt quite sure that the reporter had left for Hillsboro and had taken his notebooks with him. It is further stated by the court that neither of appellant's counsel was present nor were they sent for by him. It is further shown that the court had been informed by one of appellant's counsel that, if the jury came in with a verdict, the court might receive same without calling him. This was not true of the other of appellant's attorneys. After informing the jury that the court stenographer had gone home, the court further told the jury they could go to supper. The court then further states that, when he left the courtroom to go to supper himself, he passed by appellant, who was sitting in the courtroom, and told him that he need not wait any longer, but he could go to supper himself, and come back about 7:30 or 8 o'clock. The trial judge says he is not able to state positively that appellant was in the courtroom at the time the jury came in in charge of the deputy sheriff and made the request and received the reply above referred to, but it is his best recollection and belief that appellant was in the courtroom at the time. The court further certifies that the substitute court reporter had in fact left Marlin and gone to his home in Hillsboro. After supper the judge returned to the courtroom, and found the defendant sitting there waiting for the jury's report. Later the court called one of the jurors to the door to find out whether they desired him to wait upon them any longer, and being advised by the foreman that they did not expect to report that night, the judge went home.

It is urged that this was in violation of the statute and of the rights of the appellant. In Washington v. State, 56 Tex. Cr. R. 195, 119 S. W. 689, this court stated that, where the jury came into the courtroom in the absence of the defendant and asked to be discharged, and the court declined to grant their request, stating to them that he had to leave town the following day, this conduct constituted no such violation of articles 753–756, C. C. P. as would call for a reversal of the case. We are not quite clear as to whether appellant's main contention in this regard is based on the fact that he was not present at the time the jury came in, or upon the fact that the trial court did not communicate to the attorneys the wish of the jury and make some effort to obtain the stenographer's report of the defendant's testimony. We would not deem the latter contention of any merit, inasmuch as it is stated by the court without contradiction that the court reporter had gone to his home at Hillsboro. The request of the jury was not made in writing, and, as far as we may ascertain of what same consisted from said bill of exceptions, the matter upon which

they desired defendant's testimony repeated would seem to be of little materiality. We do not think that the complaint contained in this bill of exceptions of that grave character from which any injury could be inferred, nor that the violation of the statute is any more serious than that decided adversely to the accused in the case of Washington v. State, supra.

[3] The evidence in the case is ample to support the judgment of guilty. The state's testimony showed a sale of a jug of whisky, shown by analysis to contain 53 per cent. alcohol, by appellant to a state witness. Officers testified that they had furnished this witness with marked money, and, after he returned with the liquor which he had bought, they went to appellant's home, and there found the marked money. A witness testified to conversations had by him with appellant while on bond, in which appellant stated that a certain party had furnished him with liquor, and had told him that if anybody wanted it for him to let them have it.

Finding no error in the record, the judgment will be affirmed.

### On Motion for Rehearing

Appellant accompanies his motion for rehearing by a supplemental transcript, which shows the granting of his motion for an entry nunc pro tunc of a judgment overruling his motion for new trial, in which he is given 60 days from the adjournment of court in which to file statement of facts and bills of exception. It is made to appear from the caption of the transcript that the trial term of the court below adjourned on November 4th. This being true, the date of the order extending the time for filing such records was within the 60-day period allowed, and our conclusion, as announced in the former opinion that the extending order was made too late, should now be reformed, and it be held that the statement of facts and bills of exception were filed within the time, and will now be considered by us. This court makes great concessions to the frailty of human nature, but again calls attention to the burden that is unnecessarily imposed upon us by errors which cause two examinations of records here, as well as much delay and loss of time and cost incident to the correction of the records.

[4] We consider appellant's bill of exceptions No. 1 in the former opinion. By several bills of exception complaint is made of the fact that the officers, before going to appellant's house on the night of his arrest on the charge of selling liquor, marked certain money, and delivered same to state witness Hopper, having called off and taken down the numbers of the bills before this was done. We do not understand the rule to be that no evidence can be introduced against one on trial, except of matters and things that transpire in his presence. Such acts of preparation connected with and explanatory of the case, even though transpiring out of the presence of the defendant, are material and admissible. The bill of exceptions presents no error.

[5,6] The liquor claimed by the state to have been sold by appellant was analyzed by the state chemist, who testified that it contained 35 per cent. of alcohol. There being no testimony supporting any proposition that there was any change in the liquor from the time it was obtained by the officers until it was examined by the state chemist, there was no error in refusing a special charge that the jury must believe beyond a reasonable doubt that the liquor contained in excess of 1 per cent. of alcohol by volume at the time it came into the possession of the state witness. The state witness testified that he bought a jug of liquor from appellant, and paid him the agreed price therefor. Appellant testified that he did not sell to said witness any liquor; and did not receive any money therefor. There was no evidence calling for a special charge to the effect that the jury could not convict, unless they believed that defendant intended to sell the contents of the jug.

[7] Appellant claimed that the liquor in question was left in his field by one Charlie Briggs, who told him that it was for Ben Shaw, and that Ben Shaw would come and get it. Ben Shaw was with the officers and state witness Hopper when they went to appellant's premises on the night the alleged sale of liquor was made. Appellant asked a charge in substance that, if the jury believed the jug of liquor was left in the field by Briggs for Shaw, and that appellant's only connection with same was that he went out and showed them where the liquor was in the field, he should be acquitted. We think this amply covered by the main charge wherein the court told the jury that, if they believed from the evidence that a jug of liquor was left in defendant's field by one Briggs to be called for by Shaw, and when Shaw and Hopper went to defendant's house and inquired for the liquor that he went with them to the place where the liquor was located, and delivered same to Ben Shaw, or permitted Shaw to take possession of same, or if they had a reasonable doubt thereof, the jury should acquit the defendant.

[8] We are unable to see the pertinence of a special charge that, unless the appellant owned the contents of the jug testified about and had title thereto, he should be acquitted. It is not necessary to make one guilty of a violation of the liquor laws of this state by selling such liquor, that the title to the liquor be in him.

[9] The witness Hopper was the purchaser of the liquor from appellant according to his testimony, and under our statute is express-

ly exempted from the character of an accomplice, and the charge of the court was not erroneous in failing to tell the jury that he was such accomplice.

[10] Complaint is made of the fact that after witness Hopper and Shaw went down in the field and got the liquor from appellant, as claimed by the state, and after they returned to the house, that the officers went up to said house, and found the appellant on the gallery, and that he made certain motions with his hands, and that the officers then proceeded to search his premises, and found under the house nearby the marked money given by them to the witness Hopper, and which Hopper claimed to have given to appellant. The acts of the appellant in secreting the money or throwing same under the house, or in making motions with his hands which might result in a conclusion that he threw the money under the house, are believed by us to be a part of the transaction, to elucidate it, to be voluntary and spontaneous, and made at such time as to preclude the idea of any design, and the testimony of his action should be held as part of the res gestæ, and therefore not open to the objection that appellant was under arrest at the time. Hobbs v. State, 16 Tex. App. 521; Lewis v. State, 29 Tex. App. 204, 15 S. W. 642, 25 Am. St. Rep. 720; Craig v. State, 30 Tex. App. 621, 18 S. W. 297; Castillo v. State, 31 Tex. Cr. R. 152, 19 S. W. 892, 37 Am. St. Rep. 794; Griffin v. State, 40 Tex. Cr. R. 314, 50 S. W. 366, 76 Am. St. Rep. 718; Rainer v. State, 67 Tex. Cr. R. 87, 148 S. W. 735; Cortez v. State, 43 Texas Cr. R. 384, 66 S. W. 453; Pratt v. State, 53 Tex. Cr. R. 285, 109 S. W. 138.

[11] Complaint is also made of testimony showing that appellant had theretofore been indicted for a felony. Appellant took the stand as a witness in his own behalf, and was asked about this. It was admissible for the purpose of affecting his credibility. Where the indictment has been dismissed or a trial thereunder resulted in an acquittal, this fact may be shown by the defense, for the purpose of supporting the credibility of the witness thus attacked. Jackson v. State, 33 Tex. Cr. R. 286, 26 S. W. 194, 622, 47 Am. St. Rep. 30; Burks v. State, 40 Tex. Cr. R. 167, 49 S. W. 389; Howard v. State, 53 Tex. Cr. R. 384, 111 S. W. 1038; Diseren v. State, 59 Tex. Cr. R. 149, 127 S. W. 1038.

Bills of exceptions Nos. 13, 15, 17, 18, 19, and 21 are so qualified by the trial court as that in no event could same be held to present any error. Several bills of exception appear in the record which present substantially the same matters as others which have been discussed.

We have carefully examined each of the contentions made by appellant, but believe none of same are sound or present reversible error. The motion will be overruled.