### LUKE BOSTICK v. THE STATE.

#### No. 7801. Decided June 13, 1923.

#### Rehearing denied November 7, 1923.

**1.—Statement of Facts—Practice on Appeal.**

When no statement of facts appeared on trial, when the original opinion was written, and it now appears that one was on file in the lower court, such carelessness as this causes this court inconvenience and delay in the disposition of cases.

**2.—Same—Bills of Exception.**

Where the term of the trial court extended more than eight weeks, appellant had by statute thirty days from the date of the overruling of his motion for a new trial in which to file his bills of exception, and where the court extended this time and the bills were filed within the time, they will now be considered.

**3.—Same—Idem Sonans—Indictment.**

Luke Bostic and Luke Bostick are *idem sonans*. Complaints against the unconstitutionality of the law possesses no merit and the indictment is sufficient.

**4.—Same—Agency—Requested Charge.**

Where, upon trial of selling intoxicating liquor, there was no evidence showing that defendant was the agent of the buyer there was no error in refusing to submit a requested charge thereon. There is no merit in the contention that the seller is not the owner of the liquor.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*H. D. Wood* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

We find no statement of facts, and the State's counsel objects to the consideration of the bills of exception for the reason that they were not filed within the time allowed by law. The court adjourned an eight-weeks term on the 31st day of March, 1923. The motion for new trial was overruled on the 26th day of January. Under the law, appellant was automatically given thirty days thereafter within which to file his bills of exception. See Art. 845, C. C. P. They were not filed until the 29th day of March. In the absence of an extension of the time allowed by law within thirty days from the overruling of the motion for new trial, the bills filed are not entitled to consideration. This court has no authority to consider them. See Palmer v. State, 92 Texas Crim. Rep., 640, 245 S. W. Rep., 239; Sanders v. State, 60 Texas Crim. Rep., 34; Griffin v. State, 59 Texas Crim. Rep., 425; Jones v. State, No. 7760, not yet reported.

No error appearing, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 7, 1923.

LATTIMORE, JUDGE.—In his motion for rehearing appellant complains because his statement of facts was not considered. At the time the original opinion was written there was no statement of facts on file with the record in this court. It is now made to appear, however, that such statement of facts duly approved was on file in the office of the clerk of the trial court and same has now been sent up and is before us. Such carelessness causes the court inconvenience and delay in the disposition of cases. We have fully considered the statement of facts and it seems to abundantly show the sale of liquor by the appellant on the occasion charged in the indictment.

We are also of opinion that we were in error in sustaining the objection made by the State's counsel to the consideration of appellant's bills of exception. The appellant's motion for new trial was overruled on the 26th of January, 1923. The term of the trial court by law extending more than eight weeks, appellant had by statute thirty days from the date of the overruling of his motion for new trial in which to file his bills of exception. In an order made at the time of overruling such motion, an additional thirty days to that given by law, was granted appellant. On the 26th of March the learned trial court granted an order extending the time for filing the bills of exception and statement of facts. The bills of exception were filed within the time of extension. Same were not approved by the trial court at the time they were filed but were approved by him later during the trial term of court. It appears that the learned

trial judge was not at his office on the day the bills of exception were filed.

Examining said bills of exception of which there are two in the record, we observe that bill No. 1 complains of the overruling of appellant's motion to quash the indictment. The motion is quite lengthy but we have examined each ground of same and are unable to agree with any of the contentions made. The indictment was signed by the foreman of the grand jury; Luke Bostic and Luke Bostick appear to us *idem sonans;* the complaints against the constitutionality of the law under which the indictment herein is returned do not appear to us to possess merit. A discussion of same might be interesting but would add nothing to what has already been said in other opinions of this court upholding the constitutionality of what is known as the Dean Law.

Appellant's remaining bill of exceptions complains of the refusal of a special charge upon the question of agency of appellant for another in making the sale.

An examination of the record herein signally fails to present evidence showing that appellant was the agent of the buyer. If any question of agency was raised by the evidence it was that of his agency for the seller. We have recently held that it does not make any difference in the question of guilt of selling intoxicating liquor whether the seller is the owner of the liquor or not. John Jones v. State, No. 7660, decided October 31, 1923.

Regretting our inability to agree with the contentions made by appellant, the motion for rehearing will be overruled.

*Overruled.*