## J. J. Ballou v. The State.

No. 12857. Delivered December 4, 1929.

The opinion states the case.

*Harry Myers* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, Judge.—Conviction for theft of a mule; punishment, two years in the penitentiary.

After the jury had retired to consider the case, they asked to have the testimony of certain witnesses read to them. They were in the court room for the purpose of hearing said testimony. Appellant was present. He was on bond. Before all the testimony was read appellant left the court room of his own accord without notifying the judge or counsel of his going. He seems to have gone to the district clerk's office where his wife and child were, and remained away some little time during which the reading of testimony continued. No matter of controversy arose during appellant's absence from the court room. Basing his contention apparently on Art. 679, C. C. P., appellant sets up in his only bill of exceptions that any proceeding had in his absence was error. We are not in accord with his contention. We are not informed by the bill what testimony was read to the jury in his absence, for we are unable to ascertain from the affidavits or motion, what part of the testimony was read after appellant left the court room. His affidavit shows that while in the court room he could not hear what was being read by the stenographer. He states in his sworn motion for new trial that he went out of the court room and down to the clerk's office,

and later, hearing that his testimony was being reproduced, he went back, and that the court reporter was just finishing reading appellant's testimony to the jury when he went in the court room.

The subject of the rights of one on trial who voluntarily absents himself from court during the trial,—and especially if he be out on bond,—has often been before the courts. One of the most recent cases among the opinions of this court is Ex parte Cassas, 13 S. W. (2d) 869, in which many authorities are reviewed. The question was also before us in Sullivan v. State, 90 Texas Crim. Rep. 170, and Jones v. State, 95 Texas Crim. Rep. 574. As said in substance by this court in Fry's case, 182 S. W. Rep. 331: "If the defendant intentionally and deliberately walks out of the courtroom and remains away, he cannot and should not expect the court to delay the proceedings to await his pleasure." If one on bond voluntarily absents himself from the court while his trial is in progress, we think he should be held by every rule of reason, to waive any right he may have had to be present. To hold an absence under such circumstances to be a reversible error, would be to invite a game of hide and seek initiated by the accused and participated in by the court and its officers who would be afraid to proceed with an orderly trial because the accused, at liberty on bond, had slipped into a jury room or elsewhere out of the presence of the court. Such is not and was not and could not be the intent of statutes which were enacted to secure to one under arrest or in confinement the right to be present during his trial; or to forbid a denial of such right to one on trial who wishes to be present. Under the facts of this case the bill shows no error.

On its facts the case is in a condition of conflict. Mrs. Wester lost a mule. Appellant turned up with a mule, asserted by Mrs. Wester and a number of other people, to be the one she lost. Appellant claimed to have bought this mule while still a colt in Oklahoma, and to have brought it to Texas with him. Witnesses who saw his stock when he came to Texas swore he had no such mule as the one in question. One witness swore that appellant told him he bought said mule from Mrs. Wester through another party. Other witnesses swore that appellant, soon after his arrival in Texas, gave a written mortgage on all the livestock he had to secure borrowed money, and that no such animal as this mule was set out in the mortgage. In the charge of the court he told the jury that if they found the mule in question was not the Wester mule, or if they had a reasonable doubt thereof, they should acquit.

We find no exception to the charge of the court, or to the acceptance or rejection of any testimony. We are not allowed to reverse cases where there is sufficient testimony in the record which, if believed by the jury, would support the conclusion of guilt. This is a case in which the jury might have accepted the testimony of either side and found support, but they had before them the witnesses, and being the judges of their credibility, and having accepted the State's testimony, we do not believe we have the right to set the verdict aside.

No error appearing, the judgment will be affirmed.

*Affirmed.*