## EX PARTE JACK MACKIN

No. 33,974.  February 7, 1962

*Toby Goldsmith,* Fort Worth, for relator.

*Leon Douglas,* State's Attorney, Austin, for the state.

### ON MOTION FOR REHEARING

McDONALD, Judge.

Our prior opinion is withdrawn, and this one is adopted in lieu thereof.

Relator Jack Mackin, upon being adjudged guilty of contempt of court by the Honorable James K. Evetts, Judge of the 27th Judicial District Court of Bell County, was committed to the custody of the sheriff of said county. Application was made to this court by relator for the writ of habeas corpus. This court granted leave to file the original application.

The judgment of contempt assessed relator's punishment at a fine of $100.00 and imprisonment in jail for 72 hours.

The questions for determination by this court are whether the facts show that the trial judge was justified in finding relator guilty of contempt and whether the order or judgment of contempt entered by the trial judge is a valid order and sufficient on its face to support the action of the trial judge.

The undisputed facts before us are as follows:

The relator was attorney of record for the defendant, Milton C. Kitchens, in Cause No. 14,498, styled The State of Texas v. Milton C. Kitchens, on the docket of the district court of Bell County, Texas. The case was called for trial on August 29, 1961. After both the state and the defendant had announced ready for trial and a jury was selected, the relator, at 11:40 A.M., requested the court to give him time to confer with state's counsel relative to a possible plea of guilty in the cause, prior to the defendant entering a plea at that time. The court granted relator's request at 11:40 A.M. and recessed the cause until 1:15 P.M. Court resumed at 1:15 P.M., at which time the defendant failed to appear, and upon his name being called at the courthouse door by the sheriff the defendant did not answer. It was then reported to the court by the sheriff that defendant's automobile was missing from the place where it was parked during the morning session of court. Judgment nisi was entered forfeiting the defendant's appearance bond.

From these facts, the trial judge found in the judgment that the court was fraudulently misled and caused to recess on the request of relator and the relator fraudulently effected the absence of defendant in the cause and prevented the court, in the absence of a plea, from proceeding with the trial of the cause, as he might have done had the plea been entered prior to the time Kitchens voluntarily absented himself. Ballou v. State, 113 Texas Cr. Rep. 493, 22 S.W. 2d 666. The court further found that relator thus perpetrated a fraud upon the court "causing a mistrial of the cause, and the defendant Kitchens to absent himself prior to a plea to the indictment * * *"

Relator has filed with this court his affidavit stating that it was not his intention to mislead the court in requesting a recess prior to the plea of the defendant in the cause, and further stating that he had no knowledge that the defendant Kitchens would not return to the courtroom after the noon recess.

The affidavit of Milton C. Kitchens, defendant in the cause, has also been filed in this court in which he swears that he left

the courtroom at the noon recess and did not return, but that he did not discuss his action with his attorney, relator herein.

The recital of the judgment is to the effect that relator perpetrated a fraud upon the court by requesting the recess, and the presumption is that such recital is true. Ex parte Brewer, 156 Texas Cr. Rep. 369, 242 S.W. 2d 430. In this collateral attack, the burden is upon relator to overcome such presumption, and, in the absence of any evidence, this court must accord the judgment of the trial court full dignity and uphold it unless the alleged misconduct would not as a matter of law constitute a contempt, and unless the judgment entered by the trial court is lacking in some essential element, such as being too general in its terms, or too vague and indefinite in its terms to support a valid order or judgment of contempt. The only evidence in the entire record is that reflected by the two affidavits. It is true that the affidavits were made by interested parties. It is also true that a trial judge is, in one sense, an interested party in a contempt proceeding. As we view the matter, the only persons in actual possession of the knowledge and information as to the plan, purpose or design and intent of relator and the defendant were these parties themselves. At best, the trial judge made a presumption based upon actions and conduct, without any supporting facts. We think it incumbent upon us to accord verity to the two affidavits, in the absence of any showing of facts in the judgment of the trial court. It necessarily follows that the judgment is too vague and indefinite to support the order of contempt. We think it necessary for the judgment in a contempt case to be specific and definite and almost as certain in its terms as an information or an indictment, so that the relator will be fully apprised of his alleged act of misconduct. Ex parte Margaret Davis, No. 34,318, decided by this court. While we recognize the rule that judgments speak verity and all presumptions are indulged in to sustain the judgment, we feel that the judgment should contain some factual allegations to give support to these findings and conclusions of the trial court. When a judgment is devoid of definite and specific factual allegations, we must then turn to the record to look for facts sufficient to sustain the action of the trial court in entering the judgment. In the case at bar, we feel that the relator carried the burden of overcoming the presumption that the recitals in the judgment were not only true but sufficient to sustain the trial court's action.

For the reasons stated, we hold the judgment of contempt void; the writ is issued and relator ordered discharged by the sheriff of Bell County.

DISSENTING OPINION ON RELATOR'S MOTION FOR REHEARING

WOODLEY, Presiding Judge, dissenting.

The trial court found, in his order holding the relator in contempt:

"The court further finds that the court was fraudulently misled and caused to recess the court prior to the time for the usual recess on the direct application and request of the said defense attorney Jack Mackin, and that the court was misled by the said Mackin to the extent that the said Kitchens had no intent to enter a plea of guilty, and no agreement having been made, as reported by counsel for the state and the defendant at 1:15 P.M.; and said defense attorney Jack Mackin having directly requested and insisted to the court that the court not cause the defendant to plead to the indictment prior to the conference between the said Jack Mackin and the district attorney and the defendant, full knowing that the bondsmen of the defendant had at that time been stricken from the approved bond list of Tarrant County, Texas, due to large sums in other judgments nisi now pending against them, one of the said bondsmen being the partner of said Jack Mackin; and that the said Jack Mackin went to the office of the district attorney at the time of recess and discussed for a matter of moments the possibility of a nominal sentence, and the defendant Kitchens never appeared for said conference, and repaired immediately to his automobile and drove away; that the said Jack Mackin at no time offered any explanation of the absence of the said Kitchens at the time of or immediately after the reconvening of the court at 1:15 P.M.

"That the insistence of the said Mackin that the court recess at 11:40 A.M., and immediately before the court called for the reading of the indictment and entry of a plea, the court having previously stated to the said Mackin and the state's attorney that the court would not recess for lunch until said indictment was read and a plea entered thereto, the said Mackin fraudulently effected the absence of the defendant Kitchens and prevented the court in the absence of a plea from proceeding with the trial of the cause; the court finds that the said Mackin, knowingly and fraudulently, thus perpetrated a fraud upon the court causing a mistrial of the cause, and the defendant Kitchens to absent himself prior to a plea to the indictment, and the said Jack Mackin is adjudged in contempt of the court * * *"

I am unable to agree that the affidavits of the relator and

his client Kitchens overcome the presumption that the recitals in the contempt order are true.