No. 2727.

## Aaron Williams v. The State.

1. Forgery—Practice—Evidence.—The State introduced in evidence the alleged forged instrument before proving that the same was written by the accused, but subsequently produced such proof. *Held*, that such practice, though irregular, was not materially erroneous.
2. Same.—See the opinion for the contents of a written instrument *held* to be sufficiently certain to be made the subject of an indictment for forgery.
3. Same—Evidence—Charge of the Court.—Three witnesses testified positively that the purported drawer of the alleged forged order authorized the accused to write it and sign his name. Under this proof the trial court erred in failing to instruct the jury affirmatively that if they believed that the defendant wrote the order, and signed it by authority of the purported drawer, or if they had a reasonable doubt on that question, he should be acquitted. Exception being reserved to the omission, a mere negative presentation of the question was not sufficient.

Appeal from the District Court of Freestone. Tried below before the Hon. Sam R. Frost.

The conviction in this case was for forgery, and the penalty assessed was a term of two years in the penitentiary.

Peter C. Stubbs was the first witness for the State. The forged instrument being exhibited to him, he testified that he first saw it at Bounds's store in Wortham, Freestone county, Texas, when he went to settle his account. The account presented to him

called for the amount of the order. Witness called for the order and at once denounced it as spurious. Bounds, however, insisted upon payment, and witness decided to pay it in preference to incurring the cost of litigation. Defendant was living on the witness's place at the date of the order, but not when the witness called at Bounds's store to settle the account. When the defendant left the witness's employ, he was in debt to witness seventy-nine dollars besides the order.

On his cross examination, the witness stated that the defendant was a renter on his land during the year 1884, until about the middle of September. The witness realized from the defendant's work only about ninety pounds of seed cotton and about fifteen bushels of corn. Witness had no recollection of being at the defendant's house on August 15, 1884. On the fourteenth day of that month, the defendant asked him for an order to Bounds for a pair of shoes, pants and shirt, which witness declined to give him. That request was made at the witness's house It was not made of witness while witness was passing defendant's house, nor did witness then say to him: "I have no pencil; you write it and bring me the bill of goods and I will pay it." Witness did not afterwards meet the defendant in the road and say to him: "I see you have got the shoes and pants." Witness admitted that he told Donagan in July, 1886, that if he, Donagan, would pay him the amount due him from defendant he would not prosecute defendant. Witness subsequently told Wilder that he would not prosecute defendant if defendant would pay forty two dollars on his seventy-nine dollars account. Prior to this time, defendant told witness that he was sorry for what he had done, and that, if witness would not prosecute, Donagan would help him pay half what he owed witness. Witness had a conversation with Phil Leache since this term of court convened, in which Leache said that he knew nothing about the case Witness told the said Phil Leache that if he, Leache, testified as he had heard it claimed he would—that witness authorized the defendant to write the order—he, Leache, would go to the penitentiary himself. The order was forged in August, 1884. Witness did not report it until February, 1886, because he wanted to get what was owing him by defendant. Donagan, at the close of his interview with witness, said that he would study about helping defendant pay out, but he never spoke to witness about the matter afterwards. When Wilder came to see witness about paying

:forty-two dollars on the account, he said that Donagan had told 'him that he could beat the case.

The State then introduced the alleged forged instrument, which reads as follows:

Wortham freston Co Texas.
Mr allen bounds please let Aran Williams have 1 par shose 1 par pants and charge the same by this.   Aug the 16 1884
p c Stubbs.

J. V. Bounds, a member of the firm of Allen and J. V. Bounds, of Wortham, Texas, testified, for the State, that, on the day alleged in the indictment, the defendant presented to him the order upon which this prosecution is based. · Mr. P. C. Stubbs at that time had an account at the store, and witness, not being familiar with Stubbs's handwriting, filled the order.   During the fall of 1884, Mr. Stubbs called for his account, and asked that it be itemized.   He took the itemized account home, but brought it back a few days later and objected to the items furnished the defendant on the said order.   The witness exhibited the order to Mr. Stubbs, when Stubbs said: "That is my signature with a whoop, ain't it?"   Witness replied: "I don't know but what it is your name."

On his cross examination, the witness said that he had often furnished goods to the defendant on Stubbs's account, but always, prior to this occasion, on Stubbs's personal order.   Witness could not recollect that he and defendant had any particular conversation when the order was filled, nor that defendant told him that Stubbs authorized him, defendant, to write the order.   He did not think, however, if defendant had claimed to have written the order himself, that he would have filled it without satisfactory evidence that it was authorized by Stubbs.

The State closed.

Phil Leache, the first witness for the defendant, testified, in substance, that he and his wife Alice were at the defendant's house on the day of the alleged forgery.   Stubbs came by, stopped at the fence, called defendant, and gave him some directions about work.   As he started to ride off, defendant called to him that he would like to have that order for a pair of shoes and pants.   Stubbs felt of his pockets, and told defendant that he had no writing material with him, but for defendant to write the

order, sign his name, get the goods and bring him the bill. He then rode off, and defendant wrote the order as directed.

Alice Leache corroborated her husband in detail, and testified, in addition, that during the present term of court, she heard Stubbs ask Phil Leache what he knew about the case. Phil replied: "You will hear when I go on the stand." Stubbs then said: "If you tell anything you heard, I will send you to the penitentiary for five or six years."

Nelson Williams testified, for the defense, that on the day after the alleged forgery he, in company with the defendant, met Mr. Stubbs in a lane near defendant's house. Stubbs said to the defendant: "I see that you got the pants and shoes." Defendant replied, "Yes." Stubbs asked: "Did you get the bill?" Defendant replied that he did, and handed Stubbs a bill, which Stubbs examined and handed back to him, with the remark, "that is all right." Witness and defendant afterwards examined the bill together.

The motion for new trial raised the questions discussed in the opinion.

*Bell & Steele* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for forgery, predicated upon making without authority, with intent to defraud, etc., the following instrument:

Wortham freston Co Texas.

Mr allen bounds please let Aran Williams have 1 par shose 1 par pants and charge the same by this. Aug the 16 1884

p c Stubbs.

It appears that the instrument was introduced in evidence before it was shown that defendant wrote it, though this proof was afterwards made. This was irregular, but it was not reversible error.

Appellant contends that the instrument is of such deformity as can not be made the subject of forgery by proper averments in the indictment. We think differently. (See this subject discussed in Rollins v. The State, 22 Texas Ct. App., 548.)

There being two counts, one for forgery and the other for uttering the forged instrument, it is here insisted that the State

should have been forced to elect upon which count it would prosecute. Not so in such a case as this.

The testimony of Phil Leache, Alice Leache and Nelson Williams, if true, clearly shows that Stubbs authorized defendant to write the order, and the defendant relied upon the authority from Stubbs to write the same. Whether the facts sworn to by these witnesses were true or false, the duty devolving upon the court was just as imperative to give in charge the law applicable thereto. This duty is not performed by a negative charge, nor by affirmatively charging that, in order to convict, the jury must believe beyond a reasonable doubt that the instrument was made without lawful authority. The testimony of the three witnesses named demanded a charge, in substance, that if the jury believed from the evidence that Stubbs gave defendant authority to write and sign the instrument, then they should acquit. Or, if the evidence upon this point raised a reasonable doubt as to whether Stubbs authorized defendant to write and sign the order, they should acquit. Due exceptions to the omission was made.

This court, in quite a number of cases, has stated the rule upon this subject to be that, whether requested or not, in felony cases it is the duty of the court to charge clearly and affirmatively the law applicable to every phase of the case; and especially to every defense presented by the evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*