## HARBORD GIBBS v. THE STATE.

### No. 4175. Decided December 9, 1908.

**1.—Illegally Marking Hog—Verdict—Amendment—Practice.**

Where upon trial for theft of a hog and illegally marking same, contained in two separate counts, the court submitted the one for illegally marking, and the jury returned a verdict finding the defendant guilty as charged, the verdict was responsive to the count submitted; although there was no error in amending the verdict so as to show that the same was based in the count in the indictment charging illegal marking. This was correct practice.

**2.—Same—Refusing Requested Charge.**

Where upon trial for illegally marking hog the court in his main charge properly submitted the issue of good faith on part of the defendant, there was no error in refusing a requested charge on the same issue.

**3.—Same—Indictment—Different Counts—Duplicitous Pleading.**

Where the indictment charged theft of a hog in one count and illegally marking a hog in another count, and only the latter count was submitted to the jury, the question of duplicity of the indictment was not involved, and it is not required to pass upon this question.

Appeal from the District Court of Polk.    Tried below before the Hon. L. B. Hightower.

Appeal from a conviction for illegally marking a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*F. Campbell,* for appellant.—On question of refused charges: Sigler v. State, 9 Texas Crim. App., 427; Criswell v. State, 7 S. W. Rep., 337; Schultz v. State, 30 Texas Crim. App., 94; 16 S. W. Rep., 756.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was charged by indictment in the first count with the theft of a hog, and in the second count, with illegally marking a hog. No motion was made in the court below requiring the State to elect on which count the State would prosecute. After the testimony was in, the court submitted the case to the jury alone upon the count charging illegally marking a hog. The jury returned a verdict finding the defendant guilty as charged, and assessing his punishment at two years in the penitentiary. The district attorney requested that the verdict be amended so as to read: "We, the jury, find the defendant guilty of illegally marking a hog as charged in the indictment and assess his punishment at confinement in the penitentiary for two years," which was by the court granted. To this action of the court in ordering the verdict corrected counsel at the time reserved a bill of exceptions on the ground that the verdict was a general verdict and that it was error to permit the district attorney to have the verdict corrected, the case having been submitted to the jury on the one count. The verdict returned was responsive to this one count and we think the general verdict returned by the jury was sufficient without the correction or amendment suggested by the district attorney. However, it is the correct practice for the trial court to see that the verdict is in legal form and if it be conceded that the verdict as originally returned was incorrect, then it was the duty of the court to have corrected the verdict so as to respond not only to the indictment but to the issues submitted in the charge of the court.

Appellant complains that the court erred in refusing to give the

following special charge: "Defendant asks the court to charge the jury that .if you find from the evidence that the defendant did mark the hog, the property of one S. J. Andress, yet you believe from the evidence that the defendant mistook the hog for his own, it could not constitute the offense of illegally marking hogs, and you will acquit the defendant and say by your verdict not guilty." This charge was given by the court. Defendant also requested the following charge which was refused. Defendant asked the court to charge the jury, "that if you believe from the evidence that both the defendant and the alleged injured party, S. J. Andress honestly claimed the hog alleged to have been illegally marked at the time of the marking, then it became a matter to be settled in a civil action and not in a criminal proscution." The court had already charged the jury that if they believed that the appellant marked said hog in the honest belief that it was his, defendant's property, to acquit; and further if the jury were not satisfied that the hog marked was the property of S. J. Andress, they would acquit, or if they had a· reasonable doubt as to either of those propositions they would acquit. We think so far as applicable the requested charge as refused was covered by the main charge of the court, and that the court did not err in refusing said charge.

Appellant also complains that the court should have set aside the indictment because of duplicity in that one count charges a theft of a hog and the other illegally marking a hog and that both offenses was not one act and was an effort on the part of the State in one indictment to charge two separate and distinct offenses. In view of the fact, however, that the court only submitted the one count to the jury this question is not before this court in a manner requiring us to pass upon this question.

The evidence amply supports the verdict and there appearing no errors in the trial of the case that could have probably injured the appellant, the judgment of the court below should in all things be affirmed, and it is so ordered.

*Affirmed.*