J. P. SLAY v. THE STATE.

No. 13840.    Delivered December 17, 1930.

The opinion states the case.

*David L. Broadus,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery; penalty, confinement in the penitentiary for a period of sixteen years.

In the indictment there are six counts. In instructing the jury, they were told in the court's charge that the State had elected to prosecute upon the last count, which was the sixth, and which charged the offense

of robbery of F. J. Hebert and Beatrice Lynn. It appears that the Barnes Grocery Company store, of which F. J. Hebert was manager, Miss Beatrice Lynn, cashier, and R. S. Powell, clerk and employee, was robbed by Riley L. Garsee, who presented a pistol and threatened the lives of Hebert and Miss Lynn. Several counts of the indictment were drawn to anticipate the various phases of the evidence. The first count charges an assault upon Beatrice Lynn and the taking of money belonging to her. The second count charges an assault upon Beatrice Lynn and the taking of money belonging to V. A. Barnes. The third count charges an assault upon Beatrice Lynn and the taking of money belonging to F. J. Hebert. The fourth count charges an assault upon F. J. Hebert and the taking of money belonging to him. The fifth count charges an assault upon F. J. Hebert and the taking of money belonging to V. A. Barnes. The sixth count charges an assault upon F. J. Hebert and Beatrice Lynn and the taking of money belonging to V. A. Barnes.

The claim that the indictment is duplicitous is without merit. It has often been said that an indictment may contain as many counts charging the same transaction as it is thought necessary to meet the emergencies under the testimony; that is, to meet the proof as it transpires and to prevent a variance. See Branch's Ann. Tex. P. C., p. 262, sec. 507, and numerous precedents there cited, among them Irving v. State, 8 Tex. App., 46; Goode v. State, 57 Texas Crim. Rep., 220, 123 S. W., 597. It has been specifically declared that an indictment is not duplicitous which in several counts alleges different owners of stolen property. See Irvin v. State, supra, and other cases cited by Mr. Branch in the section last mentioned above. If different counts charging the same character of offense are inserted in the indictment to prevent a variance, and there is evidence supporting each, the State is not required to elect between such counts. See Gonzales v. State, 12 Texas App., 663; Williams v. State, 24 Texas App., 345, 6 S. W., 531, and other cases cited in Branch's Ann. Tex. P. C., p. 233, sec. 444, subd. 10. Where, as in the present case, different counts present but one transaction, an election between the counts is not necessary. See Branch's Ann. Tex. P. C., sec. 444, subd. 11; also Dill v. State, 1 Texas App., 285, and numerous other cases collated, among them Robinson v. State, 56 Texas Crim. Rep., 63, 118 S. W., 1037; Wadkins vs. State, 58 Texas Crim. Rep., 110, 124 S. W., 959, 137 Am. St. Rep., 922, 21 Ann. Cas., 556. In the present instance, however, the court in its charge withdrew all counts except one, which was submitted to the jury. The court's action was equivalent to an election between the counts by the State. See Branch's Ann. Tex. P. C., sec. 444, subd. 4; Weathersby v. State, 1 Texas App., 656; Gibbs v. State, 54 Texas Crim. Rep., 631; 114 S. W., 795; Betts v. State, 57 Texas Crim. Rep., 391, 124 S. W., 424.

The evidence shows that Garsee entered the store belonging to

Barnes, presented a pistol and threatened to take the lives of Hebert, the manager, and Miss Lynn, the cashier, and committed the robbery by taking the money which was in the cash register. The identity of Garsee was vouched for by the two witnesses named, also by Powell, another person who was in the store at the time it was robbed. The evidence likewise shows that Garsee, after committing the robbery and still holding his pistol in a threatening manner, walked backward to the front door, and got into an automobile which was driven by the appellant Slay. A car appeared in front of the door just about the time that Garsee reached the edge of the sidewalk. He stepped into the car and it was driven away. During the robbery, Miss Lynn, at her peril, took down the telephone transmitter and notified the operator at the other end that the robbery was taking place. Officers came to the store soon thereafter. The robbers were described, pursued, overtaken and arrested. While the officers were attempting to convey them to jail, the appellant escaped, but was soon after apprehended in Beaumont. His identity as the person who drove the car to the front of the door and into which Garsee stepped and fled is definitely asserted by the testimony of Miss Lynn, who claims to have been in a position near the window where she could see him plainly. Other persons in the store were not in such a position. The appellant's arrest a short time thereafter, while in company with Garsee, who was identified beyond question by all of the inmates of the store, is a circumstance supporting the State's theory, likewise his flight.

The appellant testified in his own behalf and denied his presence and participation in the robbery. He introduced two witnesses on the issue of alibi. The testimony of these witnesses was to the effect that they saw the appellant and Garsee together in an automobile about two or three o'clock in the morning near what was called the Gulf Refinery. The distance separating the store that was robbed and the refinery is not made evident by the evidence. According to the witnesses, they were also seen in a cafeteria, the location of which with reference to the store is likewise not disclosed.

The evidence is deemed quite sufficient to support the verdict. However, in his brief, the appellant's counsel suggests the insufficiency of the evidence upon the proposition that the mere presence of the accused at the scene of the offense would not warrant his conviction. The proposition is sound, but the facts, as developed by the record, do not apply thereto. Under the chapter on principals, Articles 65 to 69, P. C., the acts of the appellant, as described by the evidence, would make him a principal with Garsee. In Article 67, P. C., it is said: "All persons who shall engage in procuring aid, arms or means of any kind to assist in the commission of an offense, while others are executing the unlawful act, and all persons who endeavor at the time of the commission of the

offense to secure the safety or concealment of the offenders are principals."

And in Article 66 it is said that those who keep watch so as to prevent the interruption of those engaged in the commission of an offense, are principals. Moreover, the appellant was shown by the evidence to have been present. In Article 69, it is said: "Any person who advises or agrees to the commission of an offense and who is present when the same is committed is a principal whether he aid or not in the illegal act."

The subject has often been considered by this court. Among the cases in point is Rowan v. State, 97 Texas Crim. Rep., 130, 260 S. W., 591.

The judgment in the present instance does not accord the accused the benefit of the Indeterminate Sentence Law. It is therefore amended so as to condemn the accused to confinement in the State penitentiary for a priod of not less than five nor more than sixteen years. See Article 1480, P. C., 1925. As so reformed, the judgment is affirmed.

*Reformed and affirmed.*