LANDIS HOOTEN V. THE STATE.

No. 13839.   Delivered December 17, 1930.

The opinion states the case.

*David L. Broadus,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Robbery is the offense; penalty, confinement in the penitentiary for a period of ten years.

The State's testimony is in substance as follows: The Barnes Grocery Company store was an all-night store. After midnight the appellant entered the store and after making a purchase, presented a pistol and threatened the lives of the persons in the store, namely: Hebert, the manager; Powell, the clerk; and Miss Beatrice Lynn, the cashier. After taking from them the money on hand, about ninety dollars, the appellant caused them to stand facing him while he backed, pistol in hand, to the door and out on the sidewalk, where he got into an automobile, the engine of which was running while the appellant was committing the robbery. The car appeared at the door coincident with the appellant's exit from the store. He got into the car and made his escape. On the trial he was positively identified by each of the persons who were in charge of the store, also by other circumstances not necessary to relate. The appellant testified denying his identity as the robber and introduced witnesses who testified that he was at another place at the time the robbery was committed.

The issues presented by the conflicting testimony were submitted to the jury in the charge of the court and by them decided against the accused.

Three bills of exception are found in the transcript. In one of them there is complaint of the refusal of the court to require an election by the State as between the counts of the indictment before the appellant introduced his testimony. The indictment contains several counts, but all of them relate to the same transaction, namely, the acquisition by robbery of $92.00 in money of the United States from the persons named above. In each of the several counts of the indictment the averment designates one of the individuals as the owner of the money. In that particular alone is there any substantial difference in the counts. The court instructed the jury that the State had elected to rely upon the last count in the indictment, which charged an assault upon the person of F. J. Hebert and Beatrice Lynn, and also charged that they were robbed of $92.00 which they possessed for V. A. Barnes. The complaint is not meritorious. The procedure mentioned is in accord with numerous precedents. See Branch's Ann. Tex. P. C., p. 262, sec. 507; Irving v. State, 8 Texas App., 46, and other cases collated; also Gonzales v. State, 12 Texas App., 663; Williams v. State, 24 Texas App., 345, 6 S. W., 531, and other cases cited by Mr. Branch, p. 233, sec. 444, subd. 10. See also Dill v. State, 1 Texas App., 285, and numerous other cases collated in Branch's Ann. Tex. P. C., sec. 444, subd. 11; also the case of Slay v. State, 117 Texas Crim. Rep., 519, 33 S. W. (2d) 459, this day decided.

Another bill reflects the complaint of the reception in evidence of an indictment charging the appellant with robbery in a transaction which was different from the present. The bill is qualified by the trial court with the statement that the appellant testified in his own behalf. Under such circumstances the indictment was admissible as bearing upon the credibility of the accused. That an indictment for a felony not too remote is available in this State to impeach or discredit a witness, including the accused on trial when he becomes a witness, is supported by precedents too numerous to collate. Many of them will be found cited by Mr. Branch in his Ann. Tex. P. C., sec. 167, among them being the case of Lights v. State, 21 Texas App., 313, 17 S. W., 428. See also Underhill's Cr. Ev., 3rd Ed., p. 559, sec. 388, note 75.

The other bill of exception deals with the subject of election between the counts and apparently is but a duplicate of the one on that subject discussed hereinabove.

The judgment is affirmed.

*Affirmed.*