RILEY L. GARSEE v. THE STATE.

No. 13892. Delivered January 21, 1931.

498

The opinion states the case.

*David E. O'Fiel* and *R. C. Roland,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery; penalty, confinment in the penitentiary for a period of twenty years.

The offense was committed by the appellant and J. P. Slay. The judgment convicting Slay was affirmed by this court. See Slay v. State, 117 Texas Crim. Rep., 519, 33 S. W. (2d) 459. In each case the same witnesses were used for the State. According to their testimony, the appellant entered the store belonging to Barnes and by the use of a pistol and threats forced the employees to submit to the robbery. After he had taken a part of the money (about $7.00) from one of the drawers of the cash register, he apparently became alarmed for fear that one of the persons in the store who was behind some furniture would shoot him, and backed out of the store, using his pistol to hold the employees at bay, and entered an automobile driven by a confederate.

The State's evidence is quite sufficient to support the verdict. The evidence for the appellant presented the theory of alibi. The issues were submittd in a charge against which there is leveled no complaint. The indictment contains several counts, each of which presents a different phase of the same transaction. But one of the counts was submitted to the jury. The complaint that the indictment was duplicitous is not tenable. The sufficiency of the indictment, in form and substance, is ruled by the cases cited in Slay's case, supra, among them being Branch's Ann. Tex. P. C., p. 262, sec. 507; Irving v. State, 8 Texas App., 46.

A motion for a continuance was made. There is no bill of exception complaining of the action of the court in overruling the motion. In the

absence of a bill of exception the action of the court on the motion is not properly before this court for review. Branch's Ann. Tex. P. C., sec. 304, and cases cited, among them Nelson v. State, 1 Texas App., 44.

A motion for a change of venue was made and controverted by the State. The action of the court in overruling the motion is not presented by bill of exception and is not in a condition for review. See Branch's Ann. Tex. C. P., sec. 301; Bowden v. State, 12 Texas App., 248; King v. State, 57 Texas Crim. Rep., 368, 123 S. W., 135. See also Vernon's Ann. Tex. C. C. P., 1925, Vol. 1, Art. 568, also collation of authorities in note 2, p. 495.

The motion for new trial presents no matter requiring discussion.

In the preparation of the sentence, the learned trial judge failed to take note of the law relating to the indeterminate sentence. The penalty for robbery by the use of firearms is death or confinement in the penitentiary for any period of time not less than five years. Article 1408, P. C. The judgment and sentence in the present case will be reformed in accord with the Indeterminate Sentence Law, Article 775, C. C. P. As reformed, the sentence will condemn the appellant to confinement in the penitentiary of the State of Texas for a period of not less than five nor more than twenty years. In reforming the judgment, the court's action is under authority of Article 847, C. C. P., 1925. As reformed, the judgment is affirmed.

*Reformed and affirmed.*