## EX PARTE LEE JONES.

No. 22354. Delivered November 4, 1942.

The opinion states the case.

*J. H. Synnott,* of Jasper, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is an application for permission to file, in this court, an original petition for the writ of habeas corpus by which relator seeks to be discharged from the custody of the Sheriff of Jasper County, Texas. The petition so desired to be filed accompanies the application.

It appears that, on the 22nd day of August, 1942, relator was, upon his waiver of trial by jury and plea of guilty, duly convicted, by the Judge of the District Court of Jasper County, Texas, of the offense of felony theft, the punishment assessed being confinement in the State penitentiary for a term of four years. Sentence was, on the same day, duly passed, from which no notice of appeal was given. Relator's confinement is by virtue of said judgment and sentence.

Relator contends that the judgment is void because he was not represented by counsel, nor was an attorney appointed to represent him, before the trial by jury was waived and the plea of guilty entered, as required by the provisions of Art. 10a, C. C. P., the applicable part of which reads as follows:

"Provided, that before a defendant who has no Attorney can agree to waive a Jury, the Court must appoint an Attorney to represent him."

To support his contention that he had no attorney and that none was appointed for him, relator relies alone upon allegations to that effect contained in his petition for the writ of habeas corpus, which is sworn to by him.

The judgment complained of contains the following recital:

"* * * and the defendant Lee Jones appeared in person, his counsel also being present, and both parties announced ready for trial," etc.

Other statutory prerequisites to a valid judgment are set forth therein, and, upon its face, the judgment complained of is entirely valid.

The presumption is that the recitals in the judgment are true. 12 Tex. Jur., p. 731, sec. 363; Ex parte Sparks, 90 Tex. Cr. R. 190, 234 S. W. 393.

Relator's sworn petition is insufficient to overcome the presumption mentioned. Branch's Ann. Tex. P. C., sec. 237; Ex parte Bowers, 98 S. W. (2d) 191, 131 Tex. Cr. R. 273.

If facts exist which sustain relator's attack on the judgment, these should be established in a forum having jurisdiction, opportunity and facilities to determine fact questions. This court has repeatedly refused to resolve itself into a fact-finding body when the relief sought can be had in some other forum.

The application for permission to file the petition for the writ of habeas corpus is denied without prejudice.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.