# EX PARTE WAYNE HUDDLESTON.

No. 23378. Delivered May 1, 1946.
Rehearing Denied May 22, 1946.
Application to File Second Motion for Rehearing Denied (Without
Written Opinion) June 5, 1946.

The opinion states the case.

*Milton K. Norton*, of Dallas, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

This is a habeas corpus proceeding, the writ having been originally granted by the Hon. Winter King, Judge of the Criminal District Court of Dallas County, who, after hearing evidence regarding the matter made the writ returnable to this court, and certified the facts ascertained by him in accordance with the provisions of Art. 119 C.C.P. as amended by the Acts of 1943, 48th Leg., p. 354, ch. 233.

On December 13, 1945, relator was upon his plea of guilty, convicted of the offense of felony theft in the District Court of Howard County. His punishment was assessed at two years' confinement in the penitentiary. From this conviction he did not appeal, and relator is now confined in the penitentiary serving the sentence so imposed. The plea of guilty was before the court, and the judgment is regular upon its face, reciting everything necessary to make it a valid judgment where a jury is waived and the plea entered before the court under the provisions of Art. 10-a and Art. 11 C. C. P., as amended by the Acts, 1931, 42d Leg., p. 65, ch. 43.

The Juvenile Delinquency Act, being Ch. 204, Acts of the 48th Leg., in 1940, p. 313, and appearing as Art. 2338-1 Vernon's Ann. Civil Statutes, provides that a male person over the age of ten years, and under seventeen is a delinquent child, and further provides that no such child shall be "charged with or convicted of a crime in any court." It is further provided in Sec. 12 of said Act as follows: "If during the pendency of a criminal charge or indictment against any person in any other court than a juvenile court, *it shall be ascertained* that said person * * * is a male person over the age of ten (10) years and under the age of seventeen (17) years at the time of the

trial for the alleged offense, it shall be the duty of such court to *transfer* such case immediately together with all papers, documents and testimony connected therewith to the Juvenile Court of said county," thereto be proceeded with in accordance with the further provisions of said act.

Release from the penitentiary is sought upon the allegation that at the time of relator's conviction he was only fifteen years of age, and that under the provisions of the Juvenile Delinquency Act referred to he could not be convicted of a crime, and therefore that the judgment of conviction was void, and could be attacked in a habeas corpus proceeding.

Upon the hearing before Judge King the mother of relator testified that he was born on July 3, 1930. A neighbor woman testified that she was present at relator's birth and gave the same date thereof as the mother. Letters from the secretary of the school at Carrolton, and from the principal of another school stated that when relator enrolled in the respective schools his age was given as having been born on July 3, 1930.

When the writ of habeas corpus with the evidence taken in connection therewith was returned to this court it was thought desirable to have before us the facts incident to relator's plea of guilty in order that the integrity of the trial court, and the consideration and presumptions incident to a judgment regular on its face be properly preserved. Accordingly, this court requested the Hon. Cecil C. Collings, the judge who presided at relator's trial in Howard County, to certify the facts incident to relator's plea of guilty before him, and especially those bearing upon relator's age. In compliance with such request it is made known to us that relator and one Ramsey D. Todd were jointly indicted in Howard County for the theft of an automobile valued at $300.00. Todd gave his age as 18 years, and relator his at 17. They confessed to having stolen an automobile in Dallas and driving it to Big Spring in Howard County. This car was wrecked and they then stole another car, which was the basis of the indictment mentioned above. Judge Collings then certifies as follows:

"(a) The facts and information made known at the trial of the case as to the age of the said Wayne Huddleston were the written statement of the said Wayne Huddleston introduced in evidence and the testimony of the defendant Huddleston at the trial, both of which were to the effect that the said Huddleson was seventeen years of age.

"(b) The said Wayne Huddleston did have the appearance of youth but appeared to be about five feet, eight inches in height and there was nothing said or done by him to indicate to the court at the trial that his testimony and statement that he was seventeen years of age were incorrect and untrue. In this connection, there was another youth indicted jointly with Wayne Huddleston for the same offense. His name was Ramsey D. Todd and his size and appearance seemed more youthful that that of Huddleston, but Todd represented himself to be eighteen years of age.

"(c) The said Wayne Huddleston, to my knowledge, made no claim at any time, either at or prior to the trial, to the effect that he was under the age of seventeen years.

"Also enclosed and attached hereto are copies of the indictment in this case in the District Court of Howard County, Texas, and the statements of the said Wayne Huddleston and Ramsey D. Todd."

It is quite obvious from the facts certified by the trial judge that nothing was brought to his attention from which he could have "ascertained" that relator was under seventeen years of age, requiring a transfer of the case to the Juvenile Court. Therefore, the trial judge properly proceeded to dispose of the case under the plea of guilty. The question then before us is: Can relator in a habeas corpus proceeding set aside this judgment which is regular upon its face and entitled to full faith and credit?

That an accused is not permitted to resort to habeas corpus, thereby substituting it for an appear, is too well established to excuse more than a reference to the authorities. See 21 Tex. Jur., Sec. 8, p. 426, and authorities cited; Branch's Ann. Tex. P. C., Sec. 239, p. 151, and authorities cited; Ex parte Banspach, 130 Tex. Cr. R. 3, 91 S. W. (2d) 365. If it had been a contested issue upon the trial of relator whether he was over or under seventeen years of age and that issue had been determined against him, and no appeal taken, surely he would not be permitted in a habeas corpus proceeding to seek a new trial, or release from the effect of the judgment of conviction, upon the ground that new evidence was available on the question of his age. Upon relator's trial on his plea of guilty the question of his age was not contested, but it is evident from the certificate of the trial judge that the question had attention. In his confession relator stated that he was seventeen years

old, and upon the trial testified before the court to the same effect.

Relator's resort to habeas corpus proceeding is an effort to have this court give effect to the writ of coram nobis on the ground that facts existed which were unknown to the trial judge, which if known would have made the conviction of relator improper. This was the identical question sought to have this court consider in Ex Parte Minor, 115 Tex. Cr. R. 634, 27 S. W. (2d) 805. Minor was convicted of murder and upon appeal the judgment was affirmed. He then applied to this court for a writ of certiorari seeking to have the evidence heard upon the motion for new trial brought before us, alleging that he was insane at the time of the trial which alleged fact was not presented, and was unknown to the court at the time of Minor's trial. The provision in the Juvenile Delinquency Act that a male under seventeen years of age shall not be convicted of nor charged with a crime is no more positive or binding than Art. 34 P. C. which says : "No person who becomes insane after he committed an offense shall be tried for the same while in such condition." The relief sought in Minor's case was denied, it being held that the writ of coram nobis so far as applicable in this state was in civil cases only. The question came up again in Ex parte McKenzie, 115 Tex. Cr. R. 315, 29 S. W. (2d) 771. There accused had been convicted of murder, and upon appeal the judgment was affirmed. Some sixteen months later he filed in this court a petition for writ of coram nobis averring that he was insane at the time of the killing which fact was unknown to the trial court or to counsel. It was prayed that the judgment of conviction be set aside, the cause be reinstated and that it be restored to the same condition in which it was before trial and conviction. We quote from the opinion.

"McKenzie is not attempting to appeal from a judgment of conviction. * * * He seeks to have this court take cognizance of the refusal of the trial court to grant him a new trial long after the judgment of conviction has become final. That the petition is tantamount to a motion for new trial based on newly discovered evidence is obvious. Thus considered, it came too late to enable this court to revise the action of the trial court in denying the relief sought."

The question was before us again in Hendricks v. State, 122 Tex. Cr. R. 429, 55 5S. W. (2d) 839. There accused was convicted of embezzlement. It was contended on the trial that if guilty at all it was of theft by conversion. On appeal the judg-

ment was affirmed. The question now under consideration was sought to be raised in a motion for rehearing to which were attached certain affidavits which we were asked to regard as a part of the application for writ of coram nobis. This we declined to do, stating that such proceeding had not been recognized in this state as having application in criminal cases, citing Ex parte Minor (supra) and Ex parte McKenzie (supra.)

We can regard the proceeding here pursued in no other light than as a collateral attack against the judgment of conviction upon relator's plea of guilty under facts then before the court which rendered said judgment not void, but voidable only. If the burden was upon the state in the first instance to show that relator was more than seventeen years old, the burden was discharged when upon the hearing under his plea of guilty relator testified that he was seventeen years old and made the same statement in his confession introduced in evidence. Art. 30 P. C. reads as follows:

"No person shall be convicted of any offense committed before he was nine years old except perjury, and for that only when it shall appear by proof that he had sufficient discretion to understand the nature and obligation of an oath; nor of any other offense committed between the age of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense."

An interesting discussion of said article and when the burden of proof shifts upon the question of age is found in Ake, alias Williams v. State, 6 Tex. App. 398. We refer said case to those who may be interested in pursuing the question further.

Relator is remanded to the penitentiary authorities.

### ON RELATOR'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, relator presents two propositions not presented originally. He insists that the judgment of conviction is void because (a) it does not affirmatively reflect that he was represented by counsel, either of his own selection or by appointment of the court, when he waived the right of trial by jury, as required by Art. 10a, C. C. P., and (b) it does not affirmatively appear therefrom that counsel was appointed

to represent him as to a suspension of sentence, as provided by Art. 776a, C. C. P.

The provision of Art. 10a, C. C. P. referred to reads as follows:

"Provided, that before a defendant who has no Attorney can agree to waive a Jury, the Court must appoint an Attorney to represent him."

This requirement is mandatory. Hernandez v. State, 138 Tex. Cr. R. 4, 133 S. W. (2d) 584.

The provision of Art. 776a, C. C. P. referred to reads as follows:

"When the defendant has no Counsel, it shall be the duty of the Court of inform him of his right to make such application (for suspended sentence) and shall appoint Counsel to prepare and present the same if requested by the defendant." (Parenthesis supplied.)

This requirement also appears to be mandatory. McMurray v. State, 119 Tex. Cr. R. 74, 45 S. W. (2d) 217.

It must be remembered that this case is not before us upon appeal for a review of errors alleged to have been committed upon the trial of the case. The sole question before us is whether the judgment of conviction is void and subject to be collaterally attacked, as relator here attempts to do. No facts are before us showing or tending to show that the requirements of the statutes mentioned were not, in fact, complied with.

Relator's contention, then, is to be determined from the face of the judgment.

The judgment or ruling of a trial court is in law presumed to be correct. This presumption attains until and unless the contrary is made to appear. In addition to that presumption here, we find in the judgment this language, viz., "and it appears that all prerequisites required by law for the waiving of this right have been performed." The right there referred to of necessity means the "right of trial by jury."

Such language is sufficient to warrant the conclusion that the provisions of Art. 10a, C. C. P. above referred to, requiring the appointment of an attorney to represent the relator, was,

in fact, complied with. Relator being represented by an attorney, as we have concluded from the language of the judgment, no duty rested upon the trial court to appoint additional or other counsel upon the question of suspension of sentence, under the quoted provision of Art. 776a, C. C. P.

From what has been said, it follows that the judgment was sufficient to warrant the conclusion, as against the collateral attack here made thereon, that the provisions of the statutes mentioned were complied with.

By this conclusion, we are not to be understood as holding that the failure of a trial court to follow the mandate of the statutes mentioned would render the judgment of conviction in the instant case void. Such question is not decided, but expressly reserved.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.