EX PARTE ALLEN EASON.

No. 24821. April 19, 1950.

*Grady Sturgeon, Sr.*, Paris, for applicant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

Per Curiam:

This is an application for writ of habeas corpus, by which appellant seeks to gain his release from the state penitentiary.

A certified copy of the judgment accompanying the record shows that appellant was convicted by a jury in the district court of Jim Wells County, on the 6th day of March, 1941, on an indictment charging that he knowingly and fraudulently passed as true a forged instrument in writing. It is also recited that the indictment alleged two prior convictions for felonies less than capital. The jury returned into court the following verdict, which is copied in the judgment: "We the jury find the defendant, Allen Eason alias J. L. Ellis guilty as charged in indictment #544 of knowingly and fraudulently passing as true to Otto Schvab a forged instrument in writing, and further that the defendant was duly and legally convicted in Cause #47840 in Criminal District Court #2 Harris County, Texas, and further the defendant was duly and legally convicted in Cause #4350 in the District Court Victoria County, Texas, and assess his punishment at life imprisonment in the penitentiary. Ed Magill, Foreman."

In entering the judgment on this verdict his punishment was stated to be "by confinement in the State penitentiary for a term of not less than two (2) years nor more than his natural life, * * *."

We have never held such judgments to be void unless they were pronounced by the court without a jury's verdict. It is definite and certain by the verdict copied in the judgment that his punishment was to be for his natural life. In this case, under the habitual criminal statute, the punishment would follow as a matter of law when the jury found he was guilty of the offense charged and that he had been previously convicted twice for felonies less than capital.

It is further noted that the application is accompanied by a certified copy of the sentence following the judgment and that the court attempted to apply the indeterminate sentence law. One given a life sentence as the only penalty that can be fixed under the law cannot receive the benefits of the indeterminate sentence. Price v. State, 150 Texas Crim. Rep. 161, 199 S. W. 2d 168.

The application for writ of habeas corpus is denied.