EX PARTE JAMES J. BREWER

No. 25430. June 30, 1951.
Rehearing Denied October 17, 1951.

*Bond & Crofts*, by *Thos. R. Bond*, Terrell, for relator.

*Joe Tunnell*, Criminal District Attorney, Canton, and *George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

This is an application for writ of habeas corpus brought by an inmate of the penitentiary.

At an earlier day of the term this court instructed the Honorable A. A. Dawson, Judge of the District Court of Van Zandt

County, to develop the facts at a hearing and certify the results of such hearing to us. We find therefrom that in Causes Nos. 10574, 10575, 10576, 10577 and 10578, relator, on September 17, 1937, in said court was adjudged guilty of felonies less than capital under indictments alleging two former convictions of similar felonies and was sentenced to life imprisonment in each case.

The contention is made that appellant was without counsel when he waived a jury and plead guilty to the causes set forth above.

The state, in an able brief, claims its authority for holding relator by virtue of the judgment and sentence in Cause No. 10578 and upon the primary offense of robbery by assault charged therein only. We agree with the state's contention and will not discuss the other cases set forth above.

The judgment in such case recites that he waived a jury and plead guilty before the court. The judgment also recites that his counsel was present.

Both the judge who presided at the trial and the attorney who prosecuted are now deceased.

Other than the appellant and his wife, the testimony offered, viewed in its most favorable light to appellant, shows that no attorney took part in the examination of witnesses on the trial, and so far as the records (other than the judgment) show, or the witnesses knew, relator was not represented by counsel appointed by the court or of his own choice.

Relator and his wife testified that he had no attorney, and so far as they knew, the judge appointed none.

The deputy district clerk who prepared the judgment for entry had no independent recollection of being present at the trial, and was unable to testify that he did or did not have an attorney. He testified, however, that he felt sure he had counsel or he wouldn't have put that in the judgment. The judge approved the minutes after the judgment had been entered.

The controlling question is whether or not the evidence is sufficient to show the falsity of the recitation in the judgment to the effect that relator's counsel was present. Art. 10a, Ver-

non's C.C.P., provides that before a defendant who has no attorney may waive a jury, the court must appoint an attorney to represent him.

The presumption is that the trial court's ruling and judgment are correct and that the law was complied with, and if relator had no attorney, that no one was appointed for him. The recital of the judgment is to the effect that relator's counsel was present, and the presumption is that such recital is true. Such presumption attains until and unless the contrary is made to appear, and this court has held that a sworn petition is insufficient to overcome such presumption. See Ex parte Jones, 145 Tex. Cr. R. 30, 165 S.W. 2d 454.

In this collateral attack, the testimony is insufficient to overcome the presumption in favor of the truth of the allegations of the judgment that relator's counsel was present.

We hold that it has not been shown here that relator was without counsel. We further hold that relator has failed to show that he was in any manner overreached, and in this connection attention is directed to the relatively recent opinion of the Supreme Court of the United States in Quicksall v. Michigan, 339 U.S. 660, 94 L.ed. 1188, wherein it was held that "To invalidate a plea of guilty the prisoner must establish that 'for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement.' " In this connection, attention is further directed to the opinion of this court in Ex parte Huddleston, 149 Tex. Cr. R. 388, 194 S.W. 2d 401, where we declined to hold that the failure of the trial court to follow the mandate of Art. 10a, C.C.P., would render the judgment void, but reserved decision on such question.

In the absence of proof that the trial court failed to follow the mandates of Art. 10a, C.C.P., relator is not entitled to relief.

The writ is denied.

### ON MOTION FOR REHEARING

WOODLEY, Judge.

As stated in our original opinion, authority for holding relator is by virtue of the judgment and sentence in cause No. 10,578 upon the offense of robbery, disregarding the allegations of former convictions.

Our attention is directed to the sentence pronounced upon such judgment which fails to give effect to the indeterminate sentence law.

The punishment provided by law for the offense of ordinary robbery is not less than five years nor more than life in the penitentiary and the indeterminate sentence law applies. See Garsee v. State, 117 Tex. Cr. R. 497, 35 S.W.(2) 157. However, a conviction for a felony with enhancement of punishment under Art. 63, Vernon's Ann. P.C., by reason of two prior convictions of a felony less than capital has no maximum or minimum, but is fixed at confinement in the penitentiary for life. See Price v. State, 150 Tex. Cr. R. 161, 199 S.W.(2) 168; Ex Parte Massey, 149 Tex. Cr. R. 172, 191 S.W. (2) 877; Ex Parte Eason, 154 Tex. Cr. R. 517, 229 S.W.(2) 73.

We agree that appelant is entitled to have his sentence construed as an indeterminate sentence of not less than five years nor more than life, though it may not be reformed in this collateral proceeding. See Ex Parte Hatfield, (Page 92 of this volume), 238 S.W. (2) 788.

As to the other contentions of relator, we remain convinced that they were properly disposed of in the original opinion.

Relator not being entitled to discharge from the indeterminate sentence in cause No. 10,578, the motion for rehearing is overruled.

Opinion approved by the Court.