**Kevin Louis ROGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–89–01031–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 5, 1990.

Carol J. Carrier, Houston, for appellant.

John B. Holmes, Dist. Atty., Mary Lou Keel, Asst., for appellee.

Before DUGGAN, HUGHES and PRICE[1], JJ.

## OPINION

DUGGAN, Justice.

A jury convicted appellant of possessing less than 28 grams of cocaine. Appellant pled not true to two enhancement paragraphs; the jury found otherwise and assessed 50 years confinement.

Appellant does not challenge the evidentiary sufficiency of his conviction, and we summarize the facts. A Houston police officer saw appellant standing in a public phone stall, observed "a trinkle going between his legs," and believed he was urinating. The officer approached the phone stall and discovered appellant was spilling beer and was highly intoxicated. Appellant was arrested for public intoxication; a pat-down search yielded crack cocaine.

Appellant raises four points of error.

Point one contends "the trial court erred in refusing to grant a mistrial where the State's attorney injected ... prejudicial matter before the jury panel during his voir dire examination."

At voir dire, the following occurred:

*Prosecutor:* [to panel] Can everybody conceive of a situation where after hearing the evidence and you would consider the maximum of life and a $10,000 fine? Everybody consider it? [Responding to juror raising hand] Yes, sir?

*Juror:* I'm sorry, I thought the maximum was 20 years.

P: We're talking about when it's a possession of a controlled substance cocaine case and after the jury finds the defendant guilty, we have, we proven to you that he has once before been convicted.

*Juror:* Oh, second offense.

P: Of another felony, so that this is his second offense.

J: Okay.

P: Everybody here ...

*Defense counsel:* Your honor, excuse me. At this time I have an objection, Judge. We have a motion [in limine] on file.

[*The attorneys were requested to approach the bench*].

At the bench, appellant's counsel objected that the prosecutor referred to the "defendant as being on trial"; he also claimed that the prosecutor said that "the defendant may well have a prior conviction for a felony offense or for two felony offenses." The court sustained the objection, and instructed the jury to "disregard [the prosecutor's] comment regarding the defendant and any possible prior criminal convictions." The defense unsuccessfully moved for a mistrial.

Appellant complains that "the prosecutor engaged in reversible error by informing jurors during voir dire about the offenses alleged in the enhancement paragraph." *Frausto v. State*, 642 S.W.2d 506 (Tex.Crim.App.1982). We disagree with appellant's contention.

To reiterate, a prosecutor may inform the jury panel of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes, but it may not inform the jury of any of the *specific allegations* contained in the enhancement paragraph of a *particular defendant's* indictment.

*Id.* at 509 (emphasis added); *see also Davis v. State*, 630 S.W.2d 769, 772 (Tex.Crim. App.1982). This is precisely what happened here; the prosecutor informed the panel that an enhanced range of punishment was available *if* the State proves prior convictions—the prosecutor did not identify the *specific* allegations in the enhancement paragraphs of *appellant's* indictment. On several occasions, the prosecutor stressed he was talking hypothetically. The prosecutor never discussed *appellant's* prior offenses during voir dire—rather, he discussed the legal effects of prior offenses in general.

Point of error one is overruled.

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

Points of error two and three challenge the use of two judgments of conviction introduced at the punishment phase. *See Johnson v. State,* 725 S.W.2d 245 (Tex. Crim.App.1987) (State makes prima facie showing of prior conviction by introducing copies of judgment and sentence in each case used for enhancement). Two prior judgments are at issue:

1.) Theft, no. 367,829 (August 1980), and
2.) Possession of a controlled substance, no. 651,317 (July 1982).

The first judgment contained printed language that read "No jury having been demanded...."; however, the words "No" and "demanded" were scratched out, and the word "waived" was substituted in handwriting for the word "demanded," so that the judgment reads "jury having been waived...." Similarly, the printed language of the possession judgment originally read "No jury having been demanded...." but was altered by handwriting to read "jury having been waived." In this Court, appellant maintains that he never waived his right to a jury trial in either case and thus the judgments are incompetent evidence of his prior convictions.

Point two maintains that "the trial court [erred] because in the punishment phase, the 'pen packet' was admitted over appellant's timely objection, even though [he] argued that there was no effective jury waiver in [the two judgments]."

Point three maintains that "the trial court erred by admitting evidence [i.e., the two judgments] at the penalty phase that had been altered."

In *Samudio v. State,* 648 S.W.2d 312, 314 (Tex.Crim.App.), *cert. denied,* 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983), the court of criminal appeals held that where a defendant was convicted of a misdemeanor offense and the judgment *in that case* stated merely "no jury having been demanded," the recital was insufficient proof that the defendant properly waived his constitutional right to jury trial. The *Samudio* formulation, however, does not govern collateral attacks on judgments of conviction, such as those presented here. *West v. State,* 720 S.W.2d 511, 519 (Tex.

Crim.App.1986), *cert. denied,* 481 U.S. 1072, 107 S.Ct. 2470, 95 L.Ed.2d 878 (1987). In collateral attacks on judgments of conviction, "the burden is upon the party attacking the validity of the conviction" to show that the "entire record is silent as to jury waiver." 720 S.W.2d at 519; *Breazeale v. State,* 683 S.W.2d 446, 451 (Tex. Crim.App.1984) (en banc) (opin. on reh'g); *Bruce v. State,* 744 S.W.2d 618, 619 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd). Here, appellant has not shown that he did not waive a jury in the two proceedings in question so as to "overcome the presumption that his respective formal judgment[s] spoke the truth and [were] in all things regular." *Breazeale,* 683 S.W.2d at 451.

Courts of appeals must indulge every presumption in favor of the regularity of the documents in the trial court. *McCloud v. State,* 527 S.W.2d 885, 887 (Tex.Crim. App.1975). Hence, "recitations in the records of the trial court, such as a formal judgment, are binding in the absence of direct proof of their falsity." *Breazeale,* 683 S.W.2d at 450. "Where the state makes a prima facie showing that a judgment of conviction used for enhancement purposes and the resulting sentence is regular on its face, there is a presumption of regularity of the judgment.... [O]nce the state makes that prima facie showing, the burden shifts to the defendant, who must make an affirmative showing of any defect in the judgment." *Smith v. State,* 683 S.W.2d 393, 407 (Tex.Crim.App.1984); *Moore v. State,* 629 S.W.2d 266, 269 (Tex. Crim.App.1982). Both judgments contain numerous provisions that must be completed (and that were, in fact, completed) by court personnel in handwriting, and thus, handwritten notations reflecting jury waiver are not suspicious or unusual. Appellant introduced no evidence to support his assertion that the judgments were altered and thus his recital that the notations are improper do not overcome the State's prima facie showing of validity. *See, e.g., Breazeale,* 683 S.W.2d at 451; *cf. Romero v. State,* 712 S.W.2d 636, 639 (Tex.App.— Beaumont 1986, no pet.) (in a *direct* attack on a judgment containing preprinted lan-

**844**

guage regarding jury waiver, presumption of validity of judgments did not apply because the language about waiver had been eviscerated so as to delete elements of consent, approval, entry into record, and written consent of district attorney).

Appellant's challenge to the two judgments fails because he has not provided "direct proof" that they were obtained in violation of his constitutional right to trial by jury. The trial court did not err in admitting the judgments into evidence for enhancement purposes; points of error two and three are overruled.

■■■ Appellant's final point of error contends that "the trial court erred in overruling [his] timely objection to the [jury] charge."

Appellant objected as follows at the punishment phase of trial:

> Judge, with regard to cause no. 317536 [a prior theft conviction] we ask that that portion of the instruction not be included in the jury instructions ... [because] the actual pen packet contains an allegation of the robbery and not an allegation of just that an allegation of theft by person. Further, there was no waiver of PSI in that pen packet, and we would object to again submitting to the jury on that. Again, as to cause no. 497012 [a prior theft conviction admitted for enhancement], again there's allegations of theft third offender without any allegations as to what offenses were used to enhance it to that third offender so we object from that ground to that language being included in the jury instruction.

Appellant's objections were overruled and the jury was charged so as to include evidence of the prior convictions.

> Appellant's entire argument on appeal is the judgment [sic] themselves do not recite the specific offenses that gave rise to the particular offenses in said cause numbers that caused them to be adjudged as felonies. While Appellant acknowledges that the "pen packet" contains other offenses; nevertheless, none of these offenses are recited in [the two judgments under attack] so as to give notice to Appellant of how the State en-

hanced said offenses as alleged in [the two judgments].

Once again, appellant collaterally attacks prior judgments of conviction but does not substantiate his claim. Appellant argues that because the prior judgments do not detail the elements of enhancement, they are thus incompetent evidence of conviction. We disagree. An appellate court will indulge every presumption in favor of the regularity of the documents in the trial court. *See, e.g., Acosta v. State,* 650 S.W.2d 827, 829 (Tex.Crim.App.1983) (en banc) (in a collateral attack on two prior convictions, defendant failed to show that convictions were void and thus both could be used to enhance punishment); *see generally McCloud,* 527 S.W.2d at 887; *Nichols v. State,* 511 S.W.2d 945, 947–48 (Tex.Crim. App.1974). Recitations, such as formal judgments, "are binding in the absence of direct proof of their falsity." *Breazeale,* 683 S.W.2d at 450; *Ex parte Morgan,* 412 S.W.2d 657 (Tex.Crim.App.1967); *see generally Ex parte Brewer,* 156 Tex.Crim. 369, 242 S.W.2d 430, 431 (Tex.Crim.App. 1951) (a presumption exists as to the verity of a recital in a judgment "until and unless the contrary is made to appear;" a "sworn petition is insufficient to overcome such presumption."). Appellant has not proven that the prior judgments of conviction were obtained improperly, or their sentences were enhanced improperly, and thus the trial court did not err in admitting them as evidence of prior conviction. Appellant's final point of error is overruled.

We affirm.