915 S.W.2d 118 (1996)
In the Matter of M.C., a Minor.
No. 04-94-00584-CV.
Court of Appeals of Texas, San Antonio.
January 10, 1996.
Allen F. Cazier, Law Offices of Allen Cazier, San Antonio, TX, for Appellant.
Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, TX, for Appellee.
Before LÓPEZ, GREEN and DUNCAN, JJ.

OPINION
LÓPEZ, Justice.
Our opinion dated November 8, 1995 is withdrawn and the following is issued pursuant to appellant's motion for rehearing.
M.C., a sixteen year old pregnant juvenile, challenges a trial court order denying her writ of habeas corpus from temporary detention in the Bexar County Juvenile Detention Center. In her habeas writ, M.C. alleged that she should be immediately released because the detention center had not been properly certified in 1994. M.C. also contended that she was being confined illegally because the facility was not in compliance with the minimum standards set forth by the Texas Juvenile Probation Commission. We affirm the decision of the trial court to deny relief pursuant to M.C.'s writ of habeas corpus.
*119 The State responded to M.C.'s assertions, first with questions regarding this court's jurisdiction to hear the appeal, and then requesting we uphold the trial court's ruling on the merits of the habeas corpus.
Although a detention order under section 54.01 of the Texas Family Code is an interlocutory order and not appealable, In re J.L.D., 704 S.W.2d 395, 396 (Tex.App.-Corpus Christi 1985, no writ), M.C. is appealing the trial court's ruling after a hearing in which the merits of her habeas corpus petition were fully addressed. See Ex parte Hargett, 819 S.W.2d 866, 868-69 (Tex.Crim. App.1991); Ex parte Martell, 901 S.W.2d 754, 755 (Tex.App.-San Antonio 1995, n.w.h.). Under these circumstances, this court has jurisdiction to address the merits of the habeas ruling.
Because M.C. was no longer being detained when the appeal was perfected, the State contends that the issue is moot. Appellant admitted, in response to a show cause order issued by this court that the issue was indeed moot and that she probably did not have standing to bring an appeal. Our role does not include delivering advisory opinions in cases that are moot or where there is no present, live controversy. Camarena v. Texas Employment Comm'n, 754 S.W.2d 149, 151 (Tex.1988); Firemen's Ins. Co. v. Burch, 442 S.W.2d 331, 333 (Tex.1968). However, there are two exceptions to the mootness doctrine: 1) capable of repetition but evading review, and 2) collateral consequences doctrine. General Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 571-72 (Tex.1990). The first exception applies when an action is of such short duration that review cannot be obtained before the issue becomes moot. Id.
The issues raised in the habeas petition are recurring for a class of juveniles and review would be continually evaded because each detention decision only lasts for a period of ten days. Because M.C. is on probation and she could again find herself in the exact situation, these circumstances fall under the "capable of repetition but evading review" exception to the mootness doctrine. See Id. Therefore, we find that this court has jurisdiction to hear the appeal.
In point of error one, M.C. asserts that the trial court erred in finding that the detention center was properly certified. The certification document in evidence was to approve the facility in 1994 and included the signatures of the juvenile court judge and thirteen of the other nineteen Bexar County district judges. M.C. contends that the signature of each of the twenty judges was required for proper certification.
In ruling on a writ of habeas corpus, the trial court is presumed to have acted correctly. Ex Parte Huddleston, 149 Tex.Crim. 388, 194 S.W.2d 401, 405 (1946) (opinion on rehearing). The applicant must affirmatively show entitlement to the requested relief. Ex Parte Hightower, 877 S.W.2d 17, 20 (Tex. App.-Dallas 1994, writ dism'd w.o.j.). The trial court held a hearing on the habeas petition and denied relief, concluding that the detention center was properly certified and that the overcrowded conditions were unavoidable.
Detention for juveniles is governed by section 51.12 of the Texas Family Code, requiring certification annually that a facility is appropriate:
(c) In each county, the judge of the juvenile court and the members of the juvenile board shall personally inspect the detention facilities at least annually and shall certify in writing to the authorities responsible for operating and giving financial support to the facilities that they are suitable or unsuitable for the detention in accordance with:
. . . . .
(3) recognized professional standards for the detention of children deemed appropriate by the board, which may include minimum standards promulgated by the Texas Juvenile Probation Commission. The juvenile board shall annually provide to the Texas Juvenile Probation Commission a copy of the standards used under this section.
TEX.FAM.CODE ANN. § 51.12 (Vernon 1986). Appellant argues that this statute requires each board member, individually, to inspect the facility and certify that it is appropriate. Appellant points us to no authority that specifies *120 this interpretation. The only authority cited deals with a case where habeas relief was granted by the appellate court when the juvenile was held in an adult county jail and no juvenile facility had been certified for the county. See In re G.T.H., 541 S.W.2d 527, 527 (Tex.App.-Eastland 1976, no writ).
"Juvenile board" is defined as "a body established by law to provide juvenile probation services to a county." TEX.HUM.RES. CODE ANN. § 141.002(4) (Vernon 1990). Public bodies or entities often act by majority vote and in fact, are given statutory authority to do so. See TEX.GOV'T CODE ANN. § 311.013 (Vernon 1988).
We find that M.C.'s interpretation of the certification statute contradicts legislative intent to have a juvenile board act as an entity. See TEX.GOV'T CODE ANN. § 311.013 (Vernon 1988). Furthermore, we distinguish In re G.T.H. from the circumstances before us, and refuse to extend the reasoning in that case, as doing so would lead to an absurd result. A finding that the facility was not properly certified would have required the release of all juveniles being detained while the 1994 certification order was in effect. Furthermore, the certification document for 1995, included in the record, does include all twenty signatures.
Although we agree with appellant that the most appropriate process is to have the written approval of all Board members, without a clear statutory requirement, we decline to assert the suggested interpretation of the statute. Therefore, we uphold the trial court's finding that the Bexar County Juvenile Detention Center was properly certified. Point of error one is overruled.
M.C. next contends, in point of error two, that the detention center did not meet the minimum requirements to detain juveniles.
The minimum standards adopted by the Bexar County Juvenile Board are set forth in 37 Texas Administrative Code § 343. The physical facilities requirement includes:
(4) Population. The population in housing and living units does not exceed the rated capacity of the facility. Written policies specify procedures to be followed in case the maximum capacity is unavoidably exceeded. The superintendent reviews these plans annually and updates them as necessary.
37 TEX.ADMIN.CODE § 343.8 (West 1995).
There is no dispute that the detention center was overpopulated during the time M.C. was detained. The statute does not, however, provide for release of a juvenile due to overcrowding. In certifying the detention center, the Board found the facility was operated "in accordance with recognized professional standards for the detention of children...." Furthermore, there is no evidence in the record that M.C. met her burden of showing that the overcrowding was not unavoidable and that written policies for coping with the situation were not followed. Therefore, M.C. did not establish that habeas relief was warranted due to overcrowding. See Ex Parte Hightower, 877 S.W.2d at 20. We find that the trial court acted correctly in denying habeas relief based on the overcrowded condition of the detention center. Point of error two is overruled.
The order of the trial court is affirmed.